PEOPLE v GEORGE

Docket No. 175348. Submitted September 6, 1995, at Grand Rapids.
      Decided September 29, 1995, at 9:05 A.M.

   Jerome George was convicted by a jury in the Saginaw Circuit
      Court, Leopold P. Borrello, J., of aggravated assault. The defen-
      dant appealed.

         The Court of Appeals *held:*

         The trial court abused its discretion by refusing to allow
      three witnesses to testify about the defendant's reputation for
      truth and honesty. MRE 404(a)(1) allows an accused to offer
      evidence of a pertinent trait of character. The defendant's
      reputation for truth and honesty was pertinent to his claim of
      self-defense, which requires an honest and reasonable belief of
      an imminent danger to life or of a threat of serious bodily
      harm.

         Reversed and remanded.

EVIDENCE — CHARACTER EVIDENCE — AGGRAVATED ASSAULT — SELF-
      DEFENSE.

   A trial court in a prosecution for aggravated assault abuses its
      discretion by disallowing evidence of the defendant's reputation
      for truth and honesty where self-defense is claimed; the defen-
      dant's reputation for truth and honesty is pertinent to self-
      defense, which requires an honest and reasonable belief of an
      imminent danger to life or of a threat of serious bodily harm
      (MRE 404[a][1]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Michael D. Thomas,* Pros-
ecuting Attorney, and *J. Thomas Horiszny,* Assis-
tant Prosecuting Attorney, for the people.

*William T. Street,* for the defendant.

REFERENCES
Am Jur 2d, Evidence §§ 367, 368.
See ALR Index under Character and Reputation.

Before: Doctoroff, C.J., and Neff and Fitzgerald, JJ.

Per Curiam. Following a jury trial, defendant was convicted of aggravated assault, MCL 750.81a; MSA 28.276(1). He was sentenced to three months' probation and ordered to pay various fines and costs. We reverse defendant's conviction and remand for a new trial.

I

The incident occurred on September 17, 1992, at a General Motors plant located in the City of Saginaw. Defendant was charged with felonious assault stemming from an altercation with a coworker, Gordon Quackenbush, while they were working on the assembly line. It was undisputed that defendant hit the complainant with a metal pipe. Apparently, words had been exchanged between the two men. It was the prosecution's theory that the complainant was merely walking toward defendant to retrieve a tool from his toolbox when defendant suddenly grabbed a pipe and hit the complainant without provocation. Defendant contended that the complainant first shoved him and then walked toward him while swearing and in a menacing manner such that defendant picked up the nearest available object and hit the complainant in self-defense.

Defendant now contends on appeal that the trial court abused its discretion in precluding him from introducing character evidence regarding his reputation for truth and honesty. We review the trial court's decision regarding this evidentiary issue for an abuse of discretion. *People v Bahoda,* 448 Mich 261, 289; 531 NW2d 659 (1995).

## II

After defendant testified at trial, he attempted to call three character witnesses who were to testify about defendant's reputation for truth and honesty. The prosecutor objected, citing MRE 608(a), and the trial court sustained the prosecutor's objection. The three witnesses were not permitted to testify.

MRE 608(a) provides:

> Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

Defendant contends that the trial court abused its discretion in not permitting the testimony because it was admissible under MRE 404(a)(1). Under MRE 404(a)(1), evidence of a pertinent character trait may be offered by the accused. As noted by our Supreme Court, MRE 404(a)(1) "allows a criminal defendant an absolute right to introduce evidence of his character to prove that he could not have committed the crime." *People v Whitfield,* 425 Mich 116, 130; 388 NW2d 206 (1986).

In this case, in his offer of proof, defendant stated to the trial court that three character witnesses would testify regarding his reputation for truth and honesty. This was a pertinent character trait because defendant's defense was self-defense. Self-defense requires both an honest and reasonable belief that the defendant's life was in imminent danger or that there was a threat of serious

bodily harm. *People v Heflin,* 434 Mich 482, 502; 456 NW2d 10 (1990). Further, as defendant aptly notes, the prosecutor did attack his honesty and truthfulness when he cajoled defendant by stating, "Come on. Tell us the truth." It is quite clear that the prosecutor attacked defendant's character in this case and attempted to show that defendant's use of force was neither honest nor reasonable.

We cannot agree with the prosecutor that even if the trial court's ruling was error, it was harmless beyond a reasonable doubt. In this regard, we find that the trial court's erroneous ruling affected substantial rights of the defendant, MRE 103(d), because credibility was the critical issue in this case. Undoubtedly, there was an argument between defendant and the complainant before defendant hit the complainant with a metal pipe. The question for the jury to resolve was whether defendant honestly and reasonably believed that he was acting in self-defense. Therefore, precluding the use of character witnesses who would have testified regarding defendant's reputation for truth and honesty was prejudicial to defendant because it could have affected the outcome of the trial. See *People v Grant,* 445 Mich 535, 552-553; 520 NW2d 123 (1994).

Accordingly, defendant's reputation for truth and honesty was a pertinent character trait and the trial court abused its discretion in denying defendant the opportunity to present his character witnesses.

Reversed and remanded for a new trial. Jurisdiction is not retained.