# Court of Appeals, State of Michigan

## ORDER

People of MI v Ronald Johnson

Docket No. 315247

LC No. 12-009230-FC

Joel P. Hoekstra
Presiding Judge

Kurtis T. Wilder

Karen M. Fort Hood
Judges

The Court orders that the motion for reconsideration is GRANTED, and this Court's opinion issued September 16, 2014 is hereby VACATED. A new opinion is attached to this order.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

NOV 04 2014

Date

Chief Clerk

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 4, 2014

Plaintiff-Appellee,

v

No. 315247
Wayne Circuit Court

RONALD JOHNSON,

LC No. 12-009230-FC

Defendant-Appellant.

ON RECONSIDERATION

Before: HOEKSTRA, P.J., and WILDER and FORT HOOD, JJ.

PER CURIAM.

Following a bench trial, defendant appeals as of right his conviction of second-degree murder, MCL 750.317. Defendant was sentenced to 27 to 50 years' imprisonment. Because the evidence was sufficient to support defendant's conviction, he was not denied the effective assistance of counsel, his prior record variables (PRV) were appropriately scored, and the arguments in his Standard 4 brief are without merit, we affirm.

On August 1, 2011, defendant stabbed the victim in this case, Daryl Parker, repeatedly in the back and neck with a pocket knife over a dispute involving an air-conditioner. Three days after the incident, police found Parker paralyzed and incapacitated, but still alive, on the second-floor of a home on Warren Avenue. Parker was admitted to a hospital with multiple stab wounds to the back and neck, which involved injury to his spine that resulted in a loss of function to his upper and lower extremities. Parker later died from his injuries and related complications, including multiple organ failure. However, before his death, Parker testified at a preliminary examination and identified defendant as the individual who, unprovoked, stabbed him six times in the back and neck. By stipulation of the parties, the prosecution introduced Parker's preliminary examination testimony at defendant's trial.

At trial, defendant testified on his own behalf, admitting that he stabbed Parker but asserting a claim of self-defense. According to defendant, he paid Parker for an air conditioning unit on the day in question, but Parker failed to provide the air conditioner and he also stole defendant's debit card. When defendant returned to retrieve the debit card and procure the air conditioner, Parker struck him in the jaw and head with a steering-wheel lock. Defendant responded by producing a pocket knife, at which time Parker began to choke defendant.

-1-

Defendant indicated that, while standing face-to-face, he then "tapped" Parker a couple of times on the shoulder with the knife and, when Parker continued to choke him, "one hard time" in the back. When Parker fell to the ground, defendant removed the knife from Parker, and Parker returned his debit card. According to defendant, Parker was "not too injured" and defendant asked someone at a nearby gas station to call an ambulance. Defendant claimed injury to his jaw, but he did not go to a police station to report the incident nor did he seek medical treatment.

Defendant was charged with first-degree premeditated murder, assault with intent to murder, and felonious assault. Following a bench trial, the trial court found defendant guilty of second-degree murder and not guilty of the remaining offenses. The trial court specified that it did "not give credit to a claim of self-defense," noting that defendant did not seek immediate medical attention, defendant was larger than Parker, and that the number and location of stab wounds did not support defendant's version of events. The trial court sentenced defendant to 27 to 50 years' imprisonment. Defendant now appeals as of right.

On appeal, defendant first argues, in several subarguments, that he received ineffective assistance of counsel. Specifically, defendant asserts that counsel rendered ineffective assistance by (1) failing to call defendant's wife, son, and primary-care physician to testify regarding the injuries defendant sustained in the fight with Parker, (2) failing to present evidence of defendant's frail physical condition before the fight to support his claim of self-defense, (3) failing to impeach Parker's preliminary examination testimony, (4) failing to offer a character witness to testify regarding defendant's reputation for truthfulness, and (5) failing to present evidence that defendant was sexually assaulted when he was in the military and suffers from posttraumatic stress disorder and panic attacks therefrom.

Because defendant failed to move the trial court for a new trial or an evidentiary hearing, his claim is unpreserved and our review is limited to mistakes apparent on the record. *People v Johnson*, 293 Mich App 79, 90; 808 NW2d 815 (2011); *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). "To establish ineffective assistance of counsel, defendant must first show that (1) his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Uphaus*, 278 Mich App 174, 185; 748 NW2d 899 (2008). Defense counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), and is given "wide discretion in matters of trial strategy," *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009) (citation omitted).

Trial counsel is responsible for "preparing, investigating, and presenting all substantial defenses." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). However, "[d]ecisions regarding whether to call or question witnesses are presumed to be matters of trial strategy," *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012), and this Court does not substitute its judgment for that of trial counsel on matters of trial strategy, *Payne*, 285 Mich App at 190. "In general, the failure to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense." *Id.* (quotation omitted).

"A substantial defense is one that might have made a difference in the outcome of the trial." *Chapo*, 283 Mich App at 371.

Defendant argues that his trial counsel failed to support his claim of self-defense with evidence that he sustained serious injuries in the fight with Parker and that he was an unlikely aggressor because he was physically weak at the time of the fight. However, defendant has failed to overcome the presumption that defense counsel's decisions were a matter of trial strategy. At trial, despite defendant's assertion that his jaw was injured in the fight, he admitted, on cross-examination, that he did not seek medical attention after the fight, thereby belying his claim of serious injury resulting from the fight. Although defendant now claims defense counsel should have called his wife and son to testify regarding his injuries, he fails to provide an affidavit from either individual, meaning there is no offer of proof to support his claim that they could corroborate his injuries and there is certainly no indication that they could verify Parker inflicted those injuries. Similarly, defendant claims defense counsel should have called his primary care physician, Dr. Frencher. However, while defendant does provide an affidavit from Dr. Frencher, it states that he was treating defendant at the time of his arrest on October 22, 2011, giving no indication that he provided treatment close in time to the incident in question so as to support defendant's version of events. The medical records he provides to support his claims of physical weakness are similarly remote in time from the events in question, and certainly not proof that he was attacked by Parker. In these circumstances, defendant has not shown counsel acted unreasonably in failing to call these witnesses or produce this evidence.

In any event, to the extent defendant argues that his trial counsel should have called various witnesses, including his wife, son, and physician, to introduce evidence of his injuries, as noted, "the failure to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense." *Payne*, 285 Mich App at 190. Defendant was not deprived of a substantial defense because he testified at trial regarding his purported physical weakness and his assertion that his jaw was injured when Parker struck him with a steering-wheel lock. Given defendant's testimony on these subjects, he presented his claim of self-defense at trial and was certainly not denied a substantial defense.

Defendant also argues that his trial counsel rendered ineffective assistance by failing to call a witness to testify regarding his reputation for truthfulness. "MRE 404(a)(1) 'allows a criminal defendant an absolute right to introduce evidence of his character to prove that he could not have committed the crime.' " *People v George*, 213 Mich App 632, 634; 540 NW2d 487 (1995), quoting *People v Whitfield*, 425 Mich 116, 130; 388 NW2d 206 (1986). Notwithstanding defendant's right to present evidence of his good character, he is unable to overcome the presumption that decisions regarding the calling and questioning of witnesses are matters of trial strategy. *Russell*, 297 Mich App at 716. Had defendant's trial counsel called a witness who had personal knowledge of defendant's reputation for truthfulness, the prosecution would have been allowed to introduce character evidence in rebuttal. See MRE 404(a)(1); *People v Vasher*, 449 Mich 494, 503; 537 NW2d 168 (1995) ("Once a defendant has placed his character in issue, it is proper for the prosecution to introduce evidence that the defendant's character is not as impeccable as is claimed."). Further, defendant makes no offer of proof regarding the proffered witness's testimony, meaning there is no indication how such testimony would have changed the trial court's credibility assessment, particularly given the volume of evidence contradicting

defendant's claim of self-defense. In these circumstances, defendant has not demonstrated that counsel performed ineffectively.

Relatedly, the failure of defendant's trial counsel to present evidence that defendant was sexually assaulted and suffered from posttraumatic stress disorder is not a ground for relief because, in the unlikely event that the evidence was deemed relevant and admissible, see MRE 401, 402, there is no basis for concluding that it would have affected the outcome of the trial. In evaluating a claim of a self-defense, "[a] defendant's psychological idiosyncrasies may, at least in theory, be relevant to the reasonableness of the defendant's belief that he or she was in danger." *People v Orlewicz*, 293 Mich App 96, 102; 809 NW2d 194 (2011). Such evidence is clearly not relevant, however, when, as in this case, it has no bearing on whether the factual scenario occurred as described by the defendant. *Id.* at 102-103. For example, in this case, defendant justified stabbing Parker by arguing that he acted in self-defense when Parker viciously struck him with a steering-wheel lock and later choked defendant. Defendant does not suggest that he was affected by a previous traumatic experience or psychological condition. If defendant's version of events were true, defendant would need no psychological idiosyncrasies or past traumatic experiences to render his fear for his life objectively reasonable. Cf. *id.* In other words, simply put, defendant's proposed evidence provides no insight into the factual truth of his version of events, and it would not have addressed the trial court's disbelief of the virtual entirety of defendant's account of the confrontation between him and Parker, as opposed to the reasonability of defendant's fear for his life. See *id.* Because the evidence was largely irrelevant and added nothing to defendant's position, defense counsel cannot be considered ineffective for failing to pursue its introduction. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010); *Orlewicz*, 293 Mich App at 101-102 (recognizing defense may present evidence that is "both material and favorable to the defense").[1]

Finally, defendant argues that his trial counsel rendered ineffective assistance for failing to adequately impeach the credibility of Parker, whose preliminary examination testimony was admitted because he died before trial. The record shows that defense counsel cross-examined Parker at the preliminary examination, and there is nothing on the record presented that would support a claim of ineffective assistance of counsel. The decision to question witnesses, and what questions to ask, pose matters of trial strategy and we will not substitute our judgment for counsel's on matter of trial strategy. See *Russell*, 297 Mich App at 716; *Payne*, 285 Mich App at 190. Indeed, despite his instance that defense counsel failed to impeach Parker's lies at the preliminary examination, defendant does not provide citations for the testimony he now claims was false. "Facts stated must be supported by specific page references to the transcript, the pleadings, or other document or paper filed with the trial court." MCR 7.212(C)(7); *People v*

---

[1] In his Standard 4 brief, defendant appears to claim that he suffered a panic attack during the incident when Parker propositioned him for sex, but since that narrative is at odds with the argument that Parker attacked defendant unprovoked when defendant confronted Parker about defendant's debit card, it was thus a reasonable trial strategy to decline to present a panic-attack defense. Indeed, suffering from panic attack does not justify or excuse criminal action. Trial counsel was not required to advance a meritless position. *Ericksen*, 288 Mich App at 201.

*Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008). Additionally, the record does not indicate that the trial court relied on the portions of Parker's testimony with which defendant now takes issue, or that the particular subjects defendant now claims should have been explored would have made a different result probable. For example, there is no basis on which to conclude that questions regarding whether the house was a "vacant" dwelling or whether the door was locked after defendant's departure would have made a different result probable. Further, defendant claims Parker lied when he said that he did not leave until 10 p.m. to retrieve the air conditioner, but defendant acknowledges in his appellate brief that the trial court believed that Parker had left the house earlier, meaning defendant has not shown any prejudice from counsel's failure to challenge Parker on this point. Ultimately, the trial court had before it the testimony of Parker and other witnesses, and defendant has not shown that his trial counsel's purportedly insufficient rigor in attacking Parker's testimony on the topics in question affected the outcome of the trial. Overall, because defendant has not shown counsel performed unreasonably or that his trial counsel's omissions affected the outcome of the proceedings, reversal based on ineffective assistance of counsel is not appropriate.[2]

Defendant next argues that there was insufficient evidence for the trial court to have found him guilty of second-degree murder. In particular, defendant maintains that Parker's preliminary examination testimony was "dubious at best" and that there was no credible evidence to support the conclusion that defendant was the aggressor. It is thus defendant's position that the prosecution presented insufficient evidence to disprove his claim of self-defense.

This Court reviews claims regarding the sufficiency of the evidence de novo. *People v Harverson*, 291 Mich App 171, 175-176; 804 NW2d 757 (2010). We view the evidence in a light most favorable to the prosecution, to determine whether a rational trier of fact could have found that the prosecution proved the essential elements of the crime beyond a reasonable doubt. *Id.* at 175. Questions regarding the credibility of witnesses and the weight of the evidence are the province of the finder of fact. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012). Any conflicts in the evidence must be resolved in favor of the prosecution. *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012).

---

[2] In his Standard 4 brief, defendant also argues that his trial counsel failed to obtain Parker's medical records in order to ascertain his cause of death, and he accuses the prosecution of withholding Parker's medical records. This argument has no factual basis, as it appears from the lower court record that defense counsel had Parker's medical records, consulted an independent expert to review those records, and extensively cross-examined the prosecution's expert regarding Parker's injuries, treatment, etc. Indeed, while defendant speculates regarding medical information he might have obtained, he offers no specifics regarding what material evidence was withheld by the prosecution, and there is no suggestion that any information would have made a different result probable. In short, there is no indication that counsel performed ineffectively in this regard, or that the prosecution withheld exculpatory information. See *Uphaus*, 278 Mich App at 185; *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014).

"In order to convict a defendant of second-degree murder, the prosecution must prove: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v Roper*, 286 Mich App 77, 84; 777 NW2d 483 (2009), quoting *People v Mayhew*, 236 Mich App 112, 125; 600 NW2d 370 (1999) (quotation marks omitted). "Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Roper,* 286 Mich App at 84. (citation omitted). "In Michigan, the killing of another person in self-defense is justifiable homicide if the defendant honestly and reasonably believes that his life is in imminent danger or that there is a threat of serious bodily harm." *Id.* at 86 (citation omitted). See also MCL 780.972(1)(a) (permitting the use deadly force when an "individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm"). "Once evidence of self-defense is introduced, the prosecutor bears the burden of disproving it beyond a reasonable doubt." *Roper*, 286 Mich App at 86 (citation omitted).

In this case, there was sufficient evidence for a rational trier of fact to have found, beyond a reasonable doubt, that the prosecution proved the elements of second-degree murder and that defendant did not act in self-defense. At trial, defendant acknowledged that he stabbed Parker, and he described a dispute over an air conditioner and debit card. Parker's preliminary examination testimony, which was admitted at trial, described an unprovoked attack during which defendant grabbed him by the neck and stabbed him six times in the back and neck with a burgundy pocket knife. Parker then lay incapacitated in the house for three days until discovered by police. He told police that he had been stabbed over an altercation involving an air conditioner. Consistent with Parker's testimony, medical evidence showed that Parker suffered multiple stab wounds to the back and neck which injured his spinal cord, and that Parker ultimately died from his wounds and related complications. While defendant testified to a different set of events at trial than those described by Parker, the credibility of his testimony, and that of Parker's, presented a question for the trier of fact, which we will not reweigh on appeal. See *Eisen*, 296 Mich App at 331. Viewing the evidence in a light most favorable to the prosecution, the evidence was sufficient to support defendant's conviction for second-degree murder.

Defendant next argues that he is entitled to resentencing due to the improper scoring of PRV 1 at 50 points and PRV 2 at 30 points. In particular, defendant asserts that the convictions used to score PRV 1 and PRV 2 should not have been scored because they were outside the 10 year timeframe imposed by MCL 777.50(1). Defendant failed to preserve his challenge to the scoring of these PRVs, meaning his claim is unpreserved and reviewed for plain error affecting his substantial rights. *People v Loper*, 299 Mich App 451, 456-457; 830 NW2d 836 (2013); MCL 769.34(10).

Pursuant to the legislative sentencing guidelines, a sentencing court must, absent substantial and compelling reasons, impose a minimum sentence, not to exceed two-thirds of the statutory maximum, within the statutory guidelines as calculated using defendant's PRV score, offense variable score, and legislatively designated offense class. MCL 769.34(2), (2)(b); *People v McCuller*, 479 Mich 672, 684-685; 739 NW2d 563 (2007); *People v Harper*, 479 Mich 599, 616-617; 739 NW2d 523 (2007). "A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence." *People v Osantowski*, 481

Mich 103, 111; 748 NW2d 799 (2008) (citation omitted). On appeal, the circuit court's factual determinations are reviewed for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

PRV 1 provides for the scoring of "high severity felony convictions." MCL 777.51(1). It is properly scored at 50 points when the offender has two prior high severity felony convictions. MCL 777.51(1)(b). Prior high severity felony convictions include a conviction entered before the sentencing offense was committed that is a crime listed in offense class M2, A, B, C, or D, or a felony "under the law of the United States or another state" corresponding to crimes listed in M2, A, B, C, or D. MCL 777.51(2)(a), (2)(b).

Regarding PRV 2, a score of 30 points is appropriate if an offender has four or more "prior low severity felony convictions." MCL 777.52(1)(a). Prior low severity convictions include crimes committed before the instance offense listed in offense class E, F, G, or H, or corresponding felony offenses under the law of the United States or another state. MCL 777.52(2)(a), (2)(b).

Relevant to defendant's argument, when scoring PRV 1 and PRV 2, courts may not count "any conviction . . . that precedes a period of 10 or more years between the discharge date from a conviction . . . and the defendant's commission of the next offense resulting in a conviction . . . ." MCL 777.50(1). The existence of a 10 year gap is discerned by:

> determining the time between the discharge date for the prior conviction . . . most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction . . . and any earlier conviction . . . in scoring prior record variables. If it is less than 10 years, use that prior conviction . . . in scoring prior record variables and determine the time between the commission date of that prior conviction and the discharge date of the next earlier prior conviction . . . . If that period is 10 or more years, do not use that prior conviction . . . and any earlier conviction . . . in scoring prior record variables. If it is less than 10 years, use that prior conviction . . . in scoring prior record variables and repeat this determination for each remaining prior conviction . . . until a period of 10 or more years is found or no prior convictions . . . remain. [MCL 777.50(2).]

In other words, the question is "whether, starting with the present offense, there was ever a gap of ten or more years between a discharge date and a subsequent commission date that would cut off the remainder of [a defendant's] prior convictions . . . ." *People v Billings,* 283 Mich App 538, 552; 770 NW2d 893 (2009). "If a discharge date is not available, add either the time defendant was sentenced to probation or the length of the minimum incarceration term to the date of the conviction and use that date as the discharge date." MCL 777.50(3).

In this case, defendant committed the instant offense on August 1, 2011. Regarding PRV 1, the presentence investigation report (PSIR) indicates that defendant pleaded guilty to "burglary of a habitation" in a Texas court on September 8, 1992, and was sentenced to 10 years'

probation.[3] Defendant does not argue on appeal that this offense is not a "high severity felony;" rather, he asserts only that it preceded the instant offense by more than 10 years. While defendant contends on appeal that he was discharged on November 21, 2000, the discharge date for this offense is listed on defendant's PSIR as November 8, 2003. Because the discharge date for this offense was within ten years of the instant offense, it may be scored under PRV 1. See MCL 777.50(1), (2).

Defendant was also convicted of robbery in a Texas court and sentenced to 10 years' imprisonment on November 14, 1991. Again, defendant does not challenge whether this offense may be characterized as a "high severity felony;" he argues only that it precedes a 10 year gap. Although the discharge date for this offense is unknown, the 10 year sentence imposed may be used in lieu of a discharge date, see MCL 777.50(3), and, in any event, given that the offense occurred less than three years before his next conviction, there is plainly not a gap in excess of 10 years. See MCL 777.50(2). Consequently, defendant has two prior high severity felonies meriting a score of 50 points under PRV 1. See MCL 777.51(1).

Regarding PRV 2 and the scoring of prior low severity felonies, defendant has four low severity felonies at issue dating from 1989, 1984, and 1978. Defendant argues that MCL 777.50 precluded the consideration of these four convictions to score PRV 2 because they preceded the 10-year gap he asserts was created between his November 21, 2000 discharge from his 1992 robbery conviction and the August 1, 2011 instant offense. As explained above, however, no such gap existed because defendant committed the instant offense less than 10 years after he was discharged from his sentence for burglary on November 8, 2003. Therefore, defendant's four prior low severity felony convictions were properly used to score PRV 2 at 30 points. MCL 777.52(1)(a).

In summary, PRVs 1 and 2 were properly scored at 50 points and 30 points, respectively. Given the proper scoring of these variables, defendant's derivative claim of ineffective assistance of counsel based on his attorney's failure to object to the scoring of those variables lacks merit because effective assistance does not require trial counsel to make futile objections. *People v Unger*, 278 Mich App 210, 257; 749 NW2d 272 (2008).

In his Standard 4 brief, defendant raises several additional arguments, which we have reviewed and find to be without merit. First, defendant argues that the trial court denied defendant the right to present a defense by excluding testimony of the defense's proffered expert who would have testified regarding the likelihood that the confrontation between Parker and defendant occurred face-to-face. The admissibility of expert testimony is within the trial court's discretion. *Id.* at 216. Erroneous exclusion of expert testimony does not merit reversal unless it

---

[3] Insofar as defendant attempts to challenge the accuracy of the PSIR on appeal by arguing that his 1992 conviction could not have occurred as recorded because he would have been in prison for the 1991 offense at the time the 1992 offense was committed, he failed to challenge the accuracy of the prior conviction in the trial court. *People v Callon*, 256 Mich App 312, 334; 662 NW2d 501 (2003). Absent such a challenge, the PSIR is presumed to be accurate and may be relied upon by the trial court. *Id.*

appears "more probable than not that the error was outcome determinative." *People v Yost*, 278 Mich App 341, 366; 749 NW2d 753 (2008). In this case, the record does not suggest that the trial court abused its discretion in excluding the testimony in question. Moreover, contrary to defendant's arguments on appeal, the exclusion of his proposed expert testimony in no way denied defendant a defense, given that the prosecution's medical expert conceded Parker's injuries were "consistent" with a face-to-face confrontation and defendant testified that this was the manner in which the altercation occurred. Additional testimony on the likelihood of a face-to-face confrontation would not have altered the outcome of the trial and defendant is not entitled to relief on this basis.

Second, to the extent defendant faults his trial counsel for failing to use an investigator to procure witnesses from the surrounding neighborhood who purportedly saw Parker walking around town in the days after the attack, defendant cannot establish the ineffective assistance of counsel on this basis when it is apparent that any such testimony would have been soundly contradicted by medical testimony that Parker was paralyzed as a result of his injuries and thus unable to walk. Indeed, defendant conceded that he stabbed Parker and Parker fell to the ground. Three days later, police then found Parker immobile and incapacitated on the floor, covered in maggots. Given the evidence presented at trial, the unsubstantiated and unspecified testimony defendant claims could have been presented would not have made a different result probable. Accordingly, defendant has not shown that counsel was ineffective. *Uphaus*, 278 Mich App at 185.

Lastly, defendant argues the prosecution violated due process by convicting defendant on the basis of false and perjured testimony offered by Parker at the preliminary examination. Prosecutors are required to "comport with prevailing notions of fundamental fairness," and, for this reason, prosecutors may not "knowingly use false testimony to obtain a conviction" and they have "a constitutional obligation to report to the defendant and to the trial court whenever government witnesses lie under oath." *People v Herndon*, 246 Mich App 371, 417; 633 NW2d 376 (2001) (citation omitted). In this case, however, defendant has failed to show that the prosecution knowingly used false testimony. At most, he highlights inconsistencies in Parker's testimony and those portions where Parker's testimony contradicted his own. But, there is no indication that the prosecution concealed these inconsistencies from defendant, and ultimately those inconsistencies were the proper subject of cross-examination and a matter of credibility for the trier of fact, not proof that the prosecution presented perjured testimony. See *People v Parker*, 230 Mich App 677, 690; 584 NW2d 753 (1998). The prosecution was certainly not required to disbelieve Parker simply because there was contradictory evidence from defendant. See *People v Lester*, 232 Mich App 262, 278; 591 NW2d 267 (1998), overruled in part on other grounds by *Chenault*, 495 Mich at 155. On the whole, defendant's argument is without merit.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood