# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOHN ROBERT KANARY,

      Defendant-Appellant.

UNPUBLISHED
March 15, 2018

No. 336174
Missaukee Circuit Court
LC No. 2016-002776-FC

Before: SAWYER, P.J., and BORRELLO and SERVITTO, JJ.

PER CURIAM.

Defendant, John Robert Kanary, appeals as of right from his jury trial conviction of three counts of second-degree criminal sexual conduct (CSC-II) (victim under 13 years old), MCL 750.520c(1)(a). The trial court sentenced defendant to 48 to 180 months' imprisonment for the conviction, with 34 days credit, plus fines and court fees. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case arises out of the alleged sexual assault of two minor children.[1] Defendant was engaged to the victims' mother in 2005, and was called off in 2006. After the engagement was called off, defendant continued to maintain a friendly relationship with the family and would often visit them at their home.

According to the trial testimony of the victim, she was 13 years old when she testified, she explained that she was initially "best friends" with defendant. They would go mushroom hunting, squirrel hunting, and camping. On one occasion, the victim went mushroom hunting with defendant in the spring when she was six or seven years old. They walked to the top of the hill behind the house. The hill was steep, and it took them 10 minutes to climb it. The victim could not see much of the house from the top of the hill. Defendant laid her down on the ground

---

[1] Defendant was acquitted of all charges regarding one of the minors. Thus, future references in this opinion to the victim pertain only to the minor child whose testimony provided the basis for the CSC-II charges on which defendant was convicted.

-1-

flat on her back and pulled her pants down to her ankles. He laid on top of her. Defendant unbuttoned and unzipped his pants, removed his penis, and touched her vagina with it. He moved his penis "around a little bit," and this lasted, according to the victim's testimony, about 20 minutes. The victim testified that she just laid there because she did not know that anything was wrong.

On another occasion, the victim testified that she went squirrel hunting with defendant, and some family members. She and defendant went to the same place on top of the hill behind the house. There, defendant cleared a spot on the hill and looked for squirrels. Defendant was wearing an orange hunting jumpsuit. He took off the jumpsuit and unbuttoned and unzipped his jeans. Defendant pulled her pants and underwear down to her ankles. He laid her on her back, got on top of her, and touched her vagina with his penis. Defendant moved his penis with his hand "around a little bit." According to the victim, the assault concluded when one of the family members fired a weapon, presumably at a squirrel.

On a third occasion, the victim testified that she was wearing her swimsuit after a day of swimming. It was summer and she believed that at the time of the events she was seven years old. She told defendant that she wanted to be recorded singing. After defendant recorded her singing, he told her to go into her bedroom, which she did. The victim testified that defendant laid her on the bed on her back, got on top of her, and removed his penis from his underwear. He moved the victim's swimsuit bottoms to the side, and he made contact with her vagina with his penis. Defendant eventually got tired, rolled over toward the wall, and went to sleep. The victim testified that she also went to sleep.

In another instance, defendant and the victim were collecting wood together in the woodshed. She turned around and observed defendant masturbating.

According to the victim, the last incident occurred when she was lying on the couch using defendant (who was sitting on the couch) as a pillow while watching television. Defendant removed his penis from his jeans and "was kind of forcing [her] head into his penis" with his hand behind her head. Defendant was pushing on the victim's head with such force that her mouth "broke open" causing her mouth to come in contact with defendant's penis. The victim testified that when defendant heard a family member in the kitchen, he lifted her off of him, put his penis back in his jeans, and looked around the corner to see if anyone was coming.

Defendant denied all of the allegations, testifying that he was 50 years old and had no criminal history. He further testified that he had been around many children as a martial arts instructor, basketball and baseball coach. A former student and a former spouse testified on defendant's behalf, both stating that defendant always acted appropriately around children. Additionally, defendant testified that he was always guarded and careful around children.

While eliciting evidence from defendant's prior spouse, Tina Watz, defendant's counsel inquired whether she would have any concerns with leaving her daughter with defendant. Watz said, "None whatsoever." The prosecutor objected. The trial court overruled the objection stating, in relevant part: "Her opinion as to [defendant's] character for sexual morality or good morals is relevant for the defense. I'll allow you some leeway, [defense counsel]."

The victim's mother, to whom defendant had been engaged but never married, was called to testify as a rebuttal witness for the prosecution. She testified to a myriad of issues regarding her decision not to marry defendant, but of relevance here was her opinion that defendant viewed pornography almost daily. Additionally, she testified that if she declined defendant's sexual advances, he would lie in the bed beside her and masturbate.

Defendant was convicted and sentenced as indicated above. This appeal ensued.

## II. ANALYSIS.

On appeal, defendant argues that he was denied his right to a fair trial because the prosecution presented highly prejudicial rebuttal testimony from the victim's mother. The basis for barring its admission, defendant contends, is that the evidence was not relevant under MRE 402 and even if relevant, its probative value was far outweighed by its prejudicial nature, contrary to MRE 403. Defendant argues the evidence was introduced to make him appear "dangerously lecherous."

Defendant did not object to this testimony at trial; therefore, this issue is unpreserved. *People v Knox*, 469 Mich 502, 508; 674 NW2d 366 (2004). Unpreserved evidentiary issues are reviewed for plain error affecting substantial rights. *Id*. Defendant must show that he "was actually innocent or that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of his innocence." *Id*.

Though somewhat unclear, we begin our analysis by noting that the trial court seemingly allowed introduction of the evidence, and defendant offered the evidence, to demonstrate that defendant never acted in a sexually inappropriate way with or around children. Here, defendant offered testimony that he had been around hundreds of children and never acted in an inappropriate manner, thereby establishing his character for having " 'good sexual morals' around children." Thereafter, the prosecutor seemingly felt obligated to introduce testimony from defendant's ex-fiance that he viewed pornography daily. However, if this testimony was relevant to refute defendant's character for good sexual morals; this evidence should have been admitted in the form of opinion or reputation evidence. MRE 405(a); *People v Roper*, 286 Mich App 77, 97; 777 NW2d 483 (2009). On cross-examination, defendant did not claim that he never viewed pornography or that he lacked a sex drive. As a result, the prosecution was unable to refute defendant's character through testimony of specific instances of conduct pursuant to MRE 405(a). *Id*.

Furthermore, this case did not involve a charge, claim, or defense in which defendant's character was an essential element. See *People v Harris*, 458 Mich 310, 318; 583 NW2d 680 (1998) (providing "the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver, or the truthfulness of a person in an action for defamation of the person's allegedly 'untruthful' character" as examples in which "the character of a person may be an element of the crime, claim, or defense"). Accordingly, the prosecution could not present evidence of specific instances of conduct to rebut defendant's character pursuant to MRE 405(b). See *Roper*, 286 Mich App at 99. Therefore, we find that the complained of testimony was inadmissible under MRE 404(a) or 405.

Additionally, this evidence was not admissible under MRE 608. MRE 608 provides:

(a) *Opinion and reputation evidence of character.* The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

(b) *Specific instances of conduct.* Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused's or the witness' privilege against self-incrimination when examined with respect to matters which relate only to credibility.

In this case, the testimony that defendant viewed pornography did not attack his credibility as a witness because, as discussed above, he never testified that he did not watch pornography. Thus, MRE 608 does not apply.

However, our analysis does not end with our finding that the testimony was erroneously admitted. Even if the trial court erred in admitting this testimony, defendant must still demonstrate to this Court that the admission of the complained of evidence constituted a plain error affecting his substantial rights. *Knox*, 469 Mich at 508. *Id.* In order to prevail, defendant must demonstrate plain error affecting his substantial rights, meaning that he was actually innocent or that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of his innocence. *People v Carines*, 460 Mich. 750, 763; 597 NW2d 130 (1999).

Viewing the record to discern whether admission constituted plain error affecting defendant's substantial rights, we note that the complained of testimony at issue was brief. The prosecution asked the victim's mother why she called off her engagement to defendant during the prosecution's rebuttal. She explained, among other reasons, that defendant was paranoid about the government and that he viewed pornography almost daily. She told the jury that defendant wanted to have sex every day, and if she would not have sex with him, he would lie next to her in the bed and masturbate. On cross-examination, she clarified that defendant viewed pornography in the trailer on the family's property and not in the house around the children. No other witnesses talked about pornography or defendant's sexual habits, and the prosecution did not include anything about pornography in its closing arguments.

The record also reveals that the victim testified at length regarding several instances in which defendant touched her inappropriately. The jury convicted defendant of three counts of CSC-II on the basis of three incidents described by the victim and acquitted defendant of the remaining four charges: CSC-II and fourth-degree criminal sexual conduct (CSC-IV) involving the victim's sibling; first-degree criminal sexual conduct (CSC-I); and indecent exposure. Viewing the totality of the record and the jury's findings in this matter, we cannot conclude that defendant is correct in his assertion on appeal that the jury gave this evidence undue weight or used it for an improper purpose. See *Roper*, 286 Mich App at 106 (stating that " [a]lthough there is always a risk that the jury will give character evidence undue weight or use it for an improper purpose, . . . we do not agree that the probative value of the evidence was 'substantially outweighed by the danger of unfair prejudice' ").

Finally, the trial court included the following in its instructions to the jury:

> You have heard evidence about the defendant's character for good sexual morals. You may consider this evidence together with all of the other evidence in the case in deciding whether the defendant committed the crime with which he is charged.

> Evidence of good character alone may sometimes create a reasonable doubt in your minds and lead you to find the defendant not guilty.

> The Prosecutor also called witnesses to testify that the defendant does not have good character described by the defendant's character witnesses. This evidence can only be considered by you in judging whether you believe that defendant's character witnesses and whether the defendant has good – good character for good sexual morals. It is not evidence that the defendant committed the crime charged.

Based on our review of the evidence in this matter, we conclude that the introduction of the complained of evidence constituted plain error affecting his substantial rights. *Knox*, 469 Mich at 508, *Carines*, 460 Mich at 763. Accordingly, defendant is not entitled to relief.

We next turn to defendant's contention that the failure of his trial counsel to object to the complained of testimony constituted ineffective assistance of counsel such that he is entitled to a new trial.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's "factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). However, because defendant failed to move for a new trial or an evidentiary hearing, this Court's review of his ineffective assistance of counsel claim is limited to errors apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). "Clear error exists if the reviewing court is left with the definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

To prevail on a claim of ineffective assistance of counsel, a defendant must establish that "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *Sabin (On Second Remand)*, 242 Mich App at 659. "A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy, and he must show that, but for counsel's error, the outcome of the trial would have been different." *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 6743 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994); *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994).

Assuming without deciding that defense counsel was deficient for not objecting to this testimony, defendant has not shown that this error was outcome-determinative. As previously explained, there was extensive testimony regarding several instances in which defendant touched the victim inappropriately, and the trial court provided a limiting jury instruction regarding character evidence. In addition, if defense counsel did object to this testimony, the prosecution could have rephrased the question and asked for the same or similar information in the form of an opinion, thereby making the evidence admissible. Hence, it was not inevitable that an objection from defense counsel would have barred this evidence. In consideration of all of these factors, we find defendant failed to establish that absent defense counsel's error, "the outcome of the proceedings would have been different." *Stanaway*, 446 Mich at 687. Accordingly, defendant is not entitled to relief on this issue.

Next, defendant argues that he is entitled to a remand to the trial court to amend the presentence investigation report (PSIR) to comport with the trial court's rulings at the sentencing hearing. "This Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion." *People v Uphaus*, 278 Mich App 174, 181; 748 NW2d 899 (2008). "A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *Id*.

At sentencing, defendant objected to the inclusion of several paragraphs in the Agent's Description of the Offense section of the PSIR. The trial court agreed to remove sections describing conduct of which defendant was acquitted. However, the trial court declined to omit paragraphs describing conduct that was not presented to the jury.

We have reviewed the PSIR and the paragraphs describing conduct of which defendant was acquitted have been removed. The paragraphs describing conduct that was not presented to the jury remain, which fully comports with the trial court's rulings. On appeal, defendant does not contend that these paragraphs were included in error. Instead, he asserts that his case should be remanded for a correction of the PSIR to comport with the trial court's rulings. However, the PSIR already conforms to the trial court's rulings at the sentencing hearing. Therefore, the PSIR is correct and defendant is not entitled to a remand.

Defendant raises two additional issues in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4.[2] It is difficult to comprehend defendant's first argument, but to the extent that we can discern the nature of his claim, he seems to argue that he was denied a fair trial and that Missaukee County did not have probable cause to arrest and bind him over for trial.

Defendant did not file a motion to quash the district court's bind over; therefore this unpreserved issue is reviewed for plain error affecting his substantial rights. *People v Noble*, 238 Mich App 647, 658; 608 NW2d 123 (1999).

> The primary function of the preliminary examination is to determine whether a crime has been committed and, if so, whether there is probable cause to believe that the defendant committed it. Probable cause that the defendant has committed a crime is established by evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt. To establish that a crime has been committed, a prosecutor need not prove each element beyond a reasonable doubt, but must present some evidence of each element. Circumstantial evidence and reasonable inferences from the evidence can be sufficient. If the evidence conflicts or raises a reasonable doubt, the defendant should be bound over for trial, where the questions can be resolved by the trier of fact. [*People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009) (citations omitted).]

"The probable-cause standard of proof is, of course, less rigorous than the guilt-beyond-a-reasonable-doubt standard of proof." *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (quotation marks and citation omitted).

At the outset, defendant does not identify the alleged false or inaccurate statements that the victim made in the police report that was filed in Missaukee County. In addition, defendant fails to explain how a trial that occurred in Grand Traverse County had any bearing on the fairness of the trial in this case. Here, defendant has failed to present this Court with a legally cognizable claim. Defendant has not demonstrated any evidence from which we could conclude that the proceedings against him were unfair or that there was insufficient evidence to bind him over for trial. Accordingly, defendant is not entitled to relief on this issue.

The next issue in his Standard 4 brief apparently concerns defendant's contention that he was denied his right to the effective assistance of counsel because he was unable to present character witnesses and evidence that the victim's mother made a threat to him when he stopped financially supporting her. Because defendant failed to move for a new trial or an evidentiary hearing, this Court's review of his ineffective assistance of counsel claim is limited to errors apparent on the record. *Sabin, (On Second Remand)*, 242 Mich App at 659.

---

[2] The State did not file a response to defendant's Standard 4 brief.

First, to the extent that defendant argues that defense counsel should have called additional character witnesses we note that trial counsel did call two witnesses who testified that defendant exhibited good moral character around children. Thus, defendant's contention that he was denied the opportunity to present character witnesses is without merit. Second, defendant has failed to identify the other witnesses defense counsel should have called or explained what these witnesses would have said to further promote his defense. In sum, defendant has failed to make any record from which this Court could review his claims. As a result, defendant failed to demonstrate that his counsel was deficient in this regard. *Sabin*, *(On Second Remand)*, 242 Mich App at 659, and he is not entitled to relief.

In addition, defendant claims that defense counsel was ineffective for failing to present evidence that the victim's mother threatened him after he stopped providing her with financial support. The investigating sheriff's deputy testified that he questioned defendant regarding a possible motivation for the victims to lie. When questioned, defendant did not indicate a reason for them to falsely create the allegations. Further, defendant testified on his own behalf regarding his relationship with the family and when he last had contact with them. In his testimony, he did not mention that he was threatened by the victim's mother when he stopped providing financial assistance. In fact, defendant has failed to show that defense counsel was even aware of any type of threat against defendant from the victim's mother. Accordingly, defendant has not established that his counsel's performance fell "below an objective standard of reasonableness" for not presenting evidence of this alleged threat. *Id*. Additionally, defendant has again failed to demonstrate how any of the alleged errors affected the outcome or his trial or that the outcome of the trial would have been different. *Stanaway*, 446 Mich at 687. As a result, defendant has not shown that defense counsel was ineffective, and he is not entitled to relief.

Affirmed.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto