*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANDRES REGULO LEON,

Defendant-Appellant.

UNPUBLISHED
May 28, 2019

No. 342974
Barry Circuit Court
LC No. 2016-000731-FH

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant, Andres Regulo Leon, appeals by delayed leave granted[1] the trial court's sentence following his no contest pleas for operating a motor vehicle while intoxicated with a person under 16 years of age as an occupant in the vehicle (second offense), MCL 257.625(7)(a); 4th degree child abuse, MCL 750.136b(7); and attempted resisting and assaulting a police officer, MCL 750.81d(1). The trial court sentenced defendant to 40-60 months' imprisonment for the operating while intoxicated charge, and 12 months' imprisonment for each of the remaining two charges. We affirm defendant's plea-based convictions but vacate defendant's sentence and remand for resentencing.

On March 3, 2017, defendant was offered and accepted a *Cobbs*[2] plea agreement. Defendant was to plead no contest to three charges, as stated above, and two additional charges brought against him would be dismissed. According to the agreement, defendant would serve a minimum sentence of 18 months' imprisonment, and there would be no objection to boot camp after he had served six months. After he placed this plea agreement on the record and the trial

---

[1] *People v Leon*, unpublished order of the Court of Appeals, entered May 2, 2018 (Docket No. 342974).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

court accepted the plea, but before his sentencing, defendant was involved in an incident with the Kentwood police department.

On May 19, 2017, the Kentwood Police Department was dispatched to defendant's apartment in reference to a report of a male that was seen stumbling from his vehicle and abusing two children who were in the vehicle.[3] Two Kentwood Police Officers spoke to an unidentified resident of the apartment building who had placed the call to police. That resident gave a description to the man's clothing, pointed out defendant's vehicle, and indicated that defendant lived in the apartment building. The resident stated that they saw the identified vehicle pull into the parking lot and the driver exit the vehicle, falling to the ground. According to the resident, the driver yanked an older child out of the vehicle and slapped him to the ground, then yanked a younger child out of the vehicle and threw him to the ground. The three then entered the building. A second unidentified resident let the officers into the apartment building. The second resident told the officers that they had witnessed the defendant hit his children and throw them down in the parking lot. After being let into the building by the second resident, the officers heard children in an apartment and knocked on that door. Defendant's children answered the door, and one child spontaneously told the officers that "my daddy hit me." A red mark and a bump were visible on this child's forehead. The children informed the officers that defendant was asleep in the bedroom.

Defendant's father appeared at the door and asked the officers if they were there to speak with defendant. Defendant's father stated that he "has problems with his son and drinking alcohol." Defendant's father allowed the officers into the apartment to speak with defendant who was, according to the father, "passed out." The officers were unable to wake defendant, who was wearing the clothing described by the resident caller, or speak with him. The officers reported the incident to Child Protective Services.

Defendant's presentence investigation report (PSIR) was updated to reflect this incident. At sentencing, the trial court used the updated PSIR to determine that the *Cobbs* agreement "was no longer in play." The prosecutor requested an upward departure from defendant's guidelines minimum sentencing range of 5-23 months because of the new "aggravating circumstances." Over defense counsel's objection, the trial court sentenced defendant, as indicated above, to 40-60 months' imprisonment for his operating while intoxicated charge, and 12 months each for the charges of attempted resisting or obstructing and fourth-degree child abuse. Defendant then asked to withdraw his plea, which the trial court denied.[4]

---

[3] The police report concerning this incident was not part of the record or provided on appeal. All information related to the incident is taken from defendant's presentence investigation report.

[4] Pursuant to MCR 6.310(b)(3), "[e]xcept as allowed by the trial court for good cause, a defendant is not entitled to withdraw a plea under subsection (2)(a) or (2)(b) if the defendant commits misconduct after the plea is accepted but before sentencing. For purposes of this rule, misconduct is defined to include, but is not limited to: absconding or failing to appear for sentencing, violating terms of conditions on bond or the terms of any sentencing or plea agreement, or otherwise failing to comply with an order of the court pending sentencing."

Defendant thereafter moved to correct his sentence, enter the *Cobbs* agreement, and correct the PSIR. Defendant filed a personal affidavit as an addendum to his motion, in which he swore that he had not hit his children on May 19, 2017, and that he was not intoxicated during the incident in question. At a hearing on defendant's motion, the trial court offered the parties the option of holding an evidentiary hearing, at which the police officers and defendant could testify. The parties agreed, however, that it was unnecessary for the trial court to hear testimony from the police.

The trial court thereafter evaluated the contents of the updated PSIR without the inference that defendant was unable to be woken up because he was intoxicated. The trial court found that defendant had committed misconduct, and that the *Cobbs* agreement was thus null and void. The trial court further found that, based on this misconduct, there was a reasonable basis for its upward departure from the guidelines minimum sentencing range and reaffirmed defendant's sentence of 40 months. Defendant requested that the trial court add a sentence to the PSIR reflecting the fact that he contested the contents of the updated PSIR, and the trial court granted that request. This Court thereafter granted defendant's delayed application for leave to appeal.

Defendant argues that the trial court violated his Sixth Amendment right to confrontation when it found he had engaged in misconduct. Whether a defendant was denied his Sixth Amendment right to confrontation is a question of constitutional law that this Court reviews de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

We find that defendant has waived this issue on appeal. At the hearing on defendant's motion to correct an invalid sentence, the trial court offered to hold an evidentiary hearing and hear testimony from the police officers. Defendant ultimately stated that "the report has everything the officer knows," and he did not request that the trial court adjourn sentencing and hear testimony from the officers at a later hearing. Defendant thus acquiesced to the trial court relying on the updated PSIR rather than testimony from the officers. "A defendant may not waive objection to an issue before the trial court and then raise it as an error on appeal." *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000) (quotation marks and citation omitted). When defense counsel expressly acquiesces to proceeding in a specific manner, defendant has waived objection to that issue and may not argue the issue on appeal. *Id*. at 214-216. Defendant has thus waived this issue on appeal.[5]

---

[5] Even if defendant had not waived the issue on appeal, many of the constitutional requirements applicable to criminal trials do not apply at sentencing and the rules of evidence do not apply at a sentencing proceeding. *People v Uphaus*, 278 Mich App 174, 183; 748 NW2d 899 (2008) (citations omitted). "Indeed, the right to confront adverse witnesses and to prohibit the introduction of testimonial hearsay without cross-examination does not apply at sentencing." *Id*. at 184 (quotation marks and citation omitted). Thus, when imposing a sentence, a trial court may rely on information that would otherwise be generally inadmissible. *Id*.

Defendant next argues that the trial court's upward departure sentence was disproportionate and unreasonable. We agree.

This Court reviews sentences that depart from the guidelines minimum sentence range for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). When reviewing a sentence for reasonableness, we look to whether the trial court abused its discretion by violating the principle of proportionality. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (*Steanhouse II*).

The guidelines minimum sentence range does not bind the trial court, but the trial court must consult the applicable range and take it into account in determining a defendant's sentence. *Lockridge*, 498 Mich at 391-392; *People v Dixon-Bey*, 321 Mich App 490, 524; 909 NW2d 458 (2017). A reasonable sentence is one that is proportionate to the seriousness of the circumstances surrounding the offense and the offender, regardless of whether it adheres to the guidelines minimum sentencing range. *Steanhouse II*, 500 Mich at 474-475. Nonexclusive factors that the court may consider imposing a proportionate sentence include (1) the seriousness of the offense; (2) factors not considered by the sentencing guidelines, such as the relationship between the victim and the aggressor; and (3) factors that were inadequately considered by the sentencing guidelines. *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), aff'd in part and rev'd in part on other grounds, *Steanhouse II*, 500 Mich 453. Misconduct after arrest is "clearly a legitimate factor to consider at sentencing." *People v Houston*, 448 Mich 312, 323; 532 NW2d 508 (1995).

When sentencing a defendant to a minimum sentence outside the guidelines minimum sentence range, "a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citations omitted). "A sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008). If a reviewing court determines that the "trial court has abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed, it must remand to the trial court for resentencing." *Steanhouse II*, 500 Mich at 476.

At sentencing, all parties agreed that defendant's guidelines minimum sentencing range was 5 to 23 months. However, the trial court sentenced defendant to a minimum sentence of 40 months' imprisonment. The trial court stated that it believed the sentence to be "reasonable and proportionate . . . given these facts and circumstances as outlined by the prosecutor and referred to by the court."

Although the trial court provided this brief rationale for the sentence it imposed, the trial court did not address its *specific* departure from defendant's guidelines minimum sentencing range. The trial court did not even state on the record that it was departing from defendant's

-4-

guidelines minimum sentencing range, nor did it explain why it chose to depart from the guidelines minimum sentencing range by 17 months. Further, the trial court did not connect the reasons for departure to the extent of the departure it chose, instead simply stating that its sentence was based on the "facts and circumstances" before it. Finally, the trial court did not explain *why* the departure sentence it imposed was more proportionate than a sentence within the guidelines minimum sentencing range. Therefore, in the absence of any record evidence of the trial court's rationale for the extent of the departure and how that departure was proportional to the defendant's conduct, defendant is entitled to resentencing. See *Steanhouse II*, 500 Mich at 476.

Defendant raises a number of other issues in his brief on appeal and in a Standard 4 brief,[6] but we decline to address them as our granting of defendant's delayed application for leave to appeal was "limited to the issues raised in the application and supporting brief." *Leon*, unpub order; MCR 7.205(E)(4). Those issues, addressed in this opinion, consisted only of whether (1) the trial court erred in refusing to follow the *Cobbs* agreement because of unsupported and unverified allegations of misconduct and, (2) whether the trial court's sentence was disproportionate and unreasonable.

We affirm defendant's plea-based convictions but vacate defendant's sentence and remand to the trial court for resentencing. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

---

[6] Defendants' supplemental brief was filed pursuant to Michigan Supreme Court Administrative Order No. 2004-6, Standard 4.