PEOPLE v UPHAUS (ON REMAND)

Docket No. 267238. Submitted December 17, 2007, at Lansing. Decided
    March 11, 2008, at 9:10 a.m. Leave to appeal sought.

    Gary S. Uphaus was convicted by a jury in the Livingston Circuit
    Court, David J. Reader, J., of one count of delivering marijuana,
    one count of possessing with intent to deliver marijuana, and four
    counts of possessing a firearm during the commission of a felony.
    The court vacated three of the felony-firearm convictions and
    sentenced the defendant to two years of imprisonment for the
    felony-firearm conviction followed by concurrent terms of four to
    eight years of imprisonment for the marijuana convictions. The
    defendant appealed, and the prosecution cross-appealed. The
    Court of Appeals, SMOLENSKI, P.J., and SAAD and WILDER, JJ.,
    affirmed the vacation of three felony-firearm convictions and
    affirmed the defendant's convictions, finding no errors warranting
    reversal of the convictions. The Court also concluded that a trial
    court could properly consider facts not found by a jury in deter-
    mining whether a defendant qualified for an intermediate sanc-
    tion, but that, once a defendant qualifies for an intermediate
    sanction, the sentence set in MCL 769.34(4)(a) becomes the
    relevant sentencing maximum for purposes of applying the Sixth
    Amendment analysis of *Blakely v Washington*, 542 US 296 (2004).
    On this basis, the Court of Appeals concluded that the trial court
    erred in relying on facts not found by the jury in imposing a
    sentence greater than that permitted by MCL 769.34(4)(a), and
    vacated the defendant's sentences and remanded for resentencing.
    275 Mich App 158 (2007). The Supreme Court, in lieu of granting
    leave to appeal, reversed the portion of the Court of Appeals
    judgment holding that *Blakely* applies to a trial court's factual
    determinations underlying a decision to depart from the sentenc-
    ing guidelines and remanded the matter to the Court of Appeals
    for consideration of the defendant's remaining issues. 480 Mich
    939 (2007).

    On remand, the Court of Appeals *held*:

    1. The defendant, by not analyzing the actual basis for the trial
    court's departure and by failing to support his contentions with
    relevant authorities, abandoned on appeal his claim that the trial

court failed to state a substantial and compelling reason for departing from the sentencing guidelines.

2. The trial court did not err in permitting a reference to the defendant's "level of paranoia" to remain in the presentence investigation report. No reasonable reader of the report would mistake the statement for a clinical diagnosis, rather than a characterization of certain statements of the defendant that support the characterization.

3. The defendant had an adequate opportunity to respond to the accusations related in testimony by a police officer at sentencing that the defendant had made threats against other police officers. No error warranting reversal occurred when the court permitted this hearsay testimony.

4. The defendant was not deprived of the effective assistance of his trial counsel or appellate counsel. Even if the trial counsel's failure to call witnesses to testify that the defendant did not threaten police officers fell below an objective standard of reasonableness, any minimal prejudice occasioned by the police officer's testimony regarding the threats did not affect the outcome of the trial. The failure to call these witnesses did not affect the defendant's sentencing. The defendant failed to overcome the presumption that his appellate counsel's decision not to raise a claim of ineffective assistance of trial counsel constituted sound strategy.

Affirmed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David L. Morse*, Prosecuting Attorney, and *William J. Vailliencourt, Jr.*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Douglas W. Baker*) and Gary S. Uphaus *in propria persona*.

ON REMAND

Before: SMOLENSKI, P.J., and SAAD and WILDER, JJ.

SMOLENSKI, P.J. This case is before us on remand from our Supreme Court. In our previous opinion, we concluded that defendant had not raised any errors warranting a new trial, but determined that he was entitled

to be resentenced on the sole basis that the trial court improperly utilized facts not found by a jury in departing from the required sentence. See *People v Uphaus*, 275 Mich App 158, 163, 173 n 6; 737 NW2d 519 (2007) (*Uphaus I*). Our Supreme Court, in lieu of granting leave to appeal, reversed that portion of our judgment and remanded the case to this Court to consider defendant's remaining issues. *People v Uphaus*, 480 Mich 939 (2007) (*Uphaus II*). On remand, we conclude that there were no errors warranting relief. Therefore, we affirm.

## I. BACKGROUND

A jury convicted defendant of one count each of delivery of marijuana, MCL 333.7401(2)(d)(*iii*), and possession with the intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*). The jury also convicted defendant of four counts of carrying or possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The recommended minimum sentences for the marijuana offenses under the sentencing guidelines were zero to nine months' imprisonment. Because the upper end of the recommended minimum sentences were less than 18 months' imprisonment, the trial court had to sentence defendant to an intermediate sanction, which could include not more than nine months in jail, unless the trial court stated a substantial and compelling reason to sentence the defendant to the jurisdiction of the Department of Corrections. *Uphaus I, supra* at 163. The trial court determined that defendant was a serious threat to society and to police officers and that these constituted substantial and compelling reasons to depart from the sentencing guidelines. The trial court sentenced defendant to concurrent terms of four to eight years in prison for each of the marijuana convictions. *Id.* at 164. The trial court also determined that

defendant could not properly be convicted of four counts of felony-firearm based on the possession of multiple firearms during the commission of a single predicate felony. Accordingly, the trial court vacated three of defendant's felony-firearm convictions. The trial court sentenced defendant to serve two years in prison consecutive to and preceding the sentences for the marijuana convictions. *Id.* at 160.

On appeal, defendant raised several claims of error. These claims primarily addressed the propriety of the trial court's sentencing decisions. In addition, the prosecution cross-appealed the trial court's decision to vacate three of defendant's felony-firearm convictions. In considering these issues, we ruled that the trial court properly vacated three of defendant's felony-firearm convictions. *Id.* at 176. We also concluded that there were no errors warranting a reversal of defendant's convictions. See *id.* at 173 n 6. For these reasons, we affirmed defendant's convictions. *Id.* at 176. However, although we concluded that a trial court could properly consider facts not found by a jury in determining whether a defendant qualified for an intermediate sanction, see *id.* at 170-171, we concluded that once a defendant qualifies for an intermediate sanction, the sentence set in MCL 769.34(4)(a) becomes the relevant sentencing maximum for purposes of *Blakely v Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004). *Uphaus I, supra* at 171. On this basis, we concluded that the trial court erred when it relied on facts not found by the jury to impose a sentence greater than that permitted by MCL 769.34(4)(a). *Uphaus, supra* at 172-173. Consequently, we vacated defendant's sentences and remanded for resentencing. *Id.* at 173.

After our decision, our Supreme Court confirmed that a trial court could properly rely on facts not found

by a jury in calculating a defendant's minimum sentence range. *People v McCuller*, 479 Mich 672, 677 n 3, 689-690; 739 NW2d 563 (2007). However, in *People v Harper*, 479 Mich 599, 603 n 1; 739 NW2d 523 (2007), our Supreme Court rejected our conclusion that the trial court erred when it relied on facts not found by a jury in determining whether to depart from the sentencing requirements of MCL 769.34(4)(a). The Court explained that the intermediate sanction provided by MCL 769.34(4)(a) does not set a new maximum for purposes of *Blakely, supra*, and consequently a trial court may rely on facts not found by a jury in determining whether to depart from an intermediate sanction. *Harper, supra* at 631-632, 637-638. On this basis, our Supreme Court reversed that portion of our prior opinion in this matter that held that a trial court could not rely on facts not found by a jury in determining whether to depart from the sentencing requirements imposed by MCL 769.34(4)(a). See *Uphaus II, supra*. Our Supreme Court denied leave to appeal in all other respects and remanded this case to this Court for resolution of defendant's remaining claims of error. *Id.*

## II. SUBSTANTIAL AND COMPELLING REASON FOR DEPARTING

We shall first address defendant's argument that the trial court failed to state a substantial and compelling reason for departing from the sentencing guidelines.

In reviewing a trial court's decision to depart from the sentencing guidelines, this Court reviews for clear error the trial court's finding that a particular factor in support of departure exists. *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007). However, whether the factor is objective and verifiable is a question of law that this Court reviews de novo. *Id.* This Court reviews for an abuse of discretion the trial court's determina-

tion that the objective and verifiable factors in a particular case constitute a substantial and compelling reason to depart from the sentencing guidelines. *Id.*

On appeal, defendant argues that the trial court did not state a proper basis for departing from the sentencing guidelines. Specifically, defendant contends that the trial court improperly based its departure decision on defendant's refusal to admit that he threatened officers, or to show remorse for threats he allegedly made against police officers, or for lying about whether he actually made the threats. However, we do not agree that the trial court departed from the sentencing guidelines on these bases.

At sentencing, the prosecution asked the trial court to exceed the sentencing guidelines on the basis of evidence that defendant had repeatedly threatened to kill police officers. In response, defendant spoke at length about his belief that the police officers were deliberately harassing him and his family in an effort to find some basis for putting him in prison. He further alleged that the accusations that he threatened the police were not credible. Thus, the trial court allowed defendant to directly challenge the evidence that he posed a threat to police officers.

Nevertheless, the trial court agreed with the prosecutor's argument and elected to exceed the sentencing guidelines. The trial court explained that it chose to exceed the guidelines "because I'm satisfied from what I have heard that [defendant] is a serious threat to society. And particularly to the police officers who have been involved in this case and other cases." The trial court further explained:

> There seems to be a thread that runs through [defendant's] allocution in this case that the police officers are liars. Over the many years that I['ve] sat on this bench I've

had occasion to have many people come before me in face of allegations from officers who have been threatened while performing their duties. And many times they will come forward and admit that they've made the remarks . . . . Express remorse [for] them and often attribute them to their circumstances, or the stress they were under or the— or the influence they may have been under at the time of the arrest, or confrontation or—or meeting with the police officer. In this case there's just that strong suggestion that the officers were all lying and that—that it's untrue and I just don't buy it. I've seen too many of these cases come before me.

Although the trial court mentioned that defendant accused the officers of lying and noted that some defendant's have in the past admitted making threats or expressed remorse for making threats, it is clear that the trial court did not decide to depart on these bases. Rather, taken in context, the trial court's remarks appear to be directed at the findings underlying the court's conclusion that defendant was a threat to society and especially to police officers. The trial court merely attempted to explain that, given its experience with similar matters, it found the police officers' statements to be credible and defendant's denial to be incredible—that is, the court simply didn't "buy" defendant's story. Hence, we do not agree that the trial court departed from the sentencing guidelines because it concluded that defendant lied about threatening the officers or failed to admit guilt or express remorse. The trial court's departure was based only on its determination that defendant posed a threat to the community in general and to police officers in particular.

Further, although defendant did state that the trial court's reason for departing was not substantial and compelling and was improper under decisions of this Court and our Supreme Court, defendant did not analyze the actual basis of the trial court's departure and

failed to support his contentions with relevant authorities. Therefore, defendant abandoned this issue on appeal. See *People v Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006). Defendant has failed to establish a basis for sentencing relief.

### III. CHALLENGE TO ACCURACY OF THE PRESENTENCE INVESTIGATION REPORT

Defendant next contends that the trial court erred when it failed to strike inaccurate information from his presentence investigation report (PSIR). Specifically, defendant claims that the trial court erred when it declined to strike the reference to defendant's "level of paranoia." We conclude that the trial court did not err.

This Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion. *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes. *Young, supra* at 448.

At sentencing, defendant objected to the inclusion of a statement in his PSIR that suggested that he was paranoid. The "evaluation and plan" section of defendant's PSIR provided:

> [Defendant's] views on the legalization of marijuana notwithstanding, his level of paranoia is of serious note and give[s] this writer serious pause. [Defendant] indicates that law enforcement has continually harassed him, and have physically abused him. He believes that the police are "out to kill me" and are still attempting to murder him while he is incarcerated. [Defendant] most recently overdosed on his blood pressure medication while incarcerated, and he blames the doctor for this.

Defendant specifically objected to the characterization of defendant as paranoid on the ground that the PSIR's

author was not qualified to render an expert opinion on whether defendant suffered from paranoia.

Once defendant challenged the accuracy of this information, the trial court was required to respond. *Spanke, supra* at 648. "The court may determine the accuracy of the information, accept the defendant's version, or simply disregard the challenged information." *Id.* at 648. After defendant's objection, a person speaking on behalf of the Department of Corrections responded that the investigator was "not professing to be a psychologist or to make that sort of determination," adding, "It's simply an evaluation statement. The use of paranoia is a judgment statement." The trial court determined that the statement should remain.

At no point did the trial court indicate that it considered this label in sentencing defendant. Nonetheless, "[c]ritical decisions are made by the Department of Corrections regarding a defendant's status based on the information contained in the presentence investigation report." *People v Norman*, 148 Mich App 273, 275; 384 NW2d 147 (1986). Accordingly, the PSIR "should accurately reflect any determination the sentencing judge has made concerning the accuracy or relevancy of the information contained in the report." *Id.*

It is clear from the record that the author of the PSIR did not offer a clinical evaluation of defendant's actual mental condition. Rather, the author used the term "paranoia" in its colloquial sense to characterize certain statements made by defendant, which the author deemed noteworthy. Because it is clear that no reasonable reader of the PSIR could mistake this statement for a clinical diagnosis and the statements purportedly made by defendant actually support the characterization, we conclude that the trial court did not err when it permitted the statement to remain unchanged.

IV. RIGHT TO CONFRONT WITNESSES AT SENTENCING

Defendant next argues that he was deprived of his right to confront the witnesses against him when the trial court permitted a police officer to testify at defendant's sentencing concerning threats defendant allegedly made against other police officers. We do not agree.

At sentencing, defendant's trial counsel took issue with statements in defendant's PSIR that indicated that a detective had received numerous tips that defendant was selling large amounts of marijuana. Because the detective was in court at the time, the trial court asked him to take the stand. The detective then testified about the tips and, on the basis of that testimony, the trial court determined that the statements in the PSIR should be left unchanged.

While the detective was still on the stand and under oath, defendant's trial counsel asked him to explain the support for the statements in the PSIR that defendant had threatened to kill officers. The witness explained that this section was partially based on statements by a chief of police, who told the witness that defendant had threatened to kill officers in the past. Defendant objected to the account as hearsay and asked that it be stricken. The trial court overruled the objection.

Defendant now argues that the trial court deprived him of his right to confront the witnesses against him by permitting this hearsay testimony. See *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610 (2007). However, a sentencing hearing is not a criminal trial. And many of the constitutional requirements applicable to criminal trials do not apply at sentencing. *United States v Hamad*, 495 F3d 241, 246 (CA 6, 2007), citing *Williams v New York*, 337 US 241; 69 S Ct 1079; 93 L Ed 1337 (1949). The rules of evidence do not apply to a sentencing proceeding, see MRE 1101(b)(3), "and due

process does not require otherwise . . . ." *Hamad, supra* at 246. Thus, when considering a defendant's sentence, a trial court may properly rely on information that would otherwise not be admissible under the rules of evidence. See *People v Potrafka*, 140 Mich App 749, 751-752; 366 NW2d 35 (1985). Indeed, the "right to confront adverse witnesses and to prohibit the introduction of testimonial hearsay without cross-examination does not apply at sentencing." *Hamad, supra* at 246. Nevertheless, the defendant must be "afforded an adequate opportunity to rebut any matter that he believes to be inaccurate." *People v Beard*, 171 Mich App 538, 548; 431 NW2d 232 (1988); see also *Hamad, supra* at 247 (noting that the hearsay must bear some minimal indicia of reliability and the defendant must be given an opportunity to meaningfully respond to the hearsay).

At defendant's sentencing, defendant's counsel addressed the threats reported in defendant's PSIR. The trial court concluded that the PSIR should be amended to include statements that defendant denied that he ever threatened police officers. Further, the court permitted defendant to explain his position and argue that the officers were not credible. Indeed, defendant stated that the police had a history of harassing him and his family and implied that the police accusations were fabricated. He also argued that the fact that he had not been arrested and charged with threatening the officers was evidence that the claims were not accurate.

After examining of the entire record, we conclude that defendant had an adequate opportunity to respond to the accusations related by this witness. Consequently, there was no error warranting relief. *Beard, supra* at 548; *Hamad, supra* at 247.

V. EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL

Defendant next argues that his trial counsel was ineffective for failing to interview and call witnesses who could have testified that defendant did not threaten police officers during the search of his home. This error, defendant contends, prejudiced his trial and sentencing. Defendant also argues that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel on this basis. We disagree with both contentions.

To establish ineffective assistance of counsel, defendant must first show that (1) his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Toma*, 462 Mich 281, 302-303; 613 NW2d 694 (2000).

Defendant notes that two police officers testified at trial that defendant threatened the police officers that were searching his home on the day of his arrest. Defendant contends that there were other witnesses who could have testified that defendant did not make any threats. This testimony, defendant contends, would have lessened the prejudicial effect of the officers' testimony. However, as we noted in our previous opinion, this testimony could not have affected the outcome of defendant's trial. See *Uphaus I, supra* at 173 n 6. At trial, the prosecution presented overwhelming evidence that defendant committed the charged offenses. Further, because the evidence that defendant may have threatened officers was not directly relevant to any element of the charged crimes, any prejudice occasioned by this testimony was minimal. Thus, even if we were to conclude that defendant's trial counsel's failure to call

these witnesses fell below an objective standard of reasonableness, because any minimal prejudice occasioned by this testimony did not affect the outcome of the trial, defendant is not entitled to relief. *Toma, supra* at 302.

We likewise conclude that defendant's trial counsel's failure to call these potential witnesses did not affect defendant's sentencing. There was clear evidence from which the trial could conclude by a preponderance of the evidence that defendant threatened police officers. See *People v Harris*, 190 Mich App 652, 663; 476 NW2d 767 (1991) (noting that a sentencing factor need only be proved by a preponderance of the evidence). Likewise, on review of the record, we are convinced that the trial court would not have been persuaded by testimony from defendant's witnesses. Therefore, defendant has failed to demonstrate that there was a reasonable probability that, but for his trial counsel's alleged errors, his sentences would have been different. *Toma, supra* at 302. Defendant is not entitled to resentencing on this basis.

Finally, the test for ineffective assistance of appellate counsel is the same as that applicable to a claim of ineffective assistance of trial counsel. *People v Pratt*, 254 Mich App 425, 430; 656 NW2d 866 (2002). Hence, defendant must show that his appellate counsel's decision not to raise a claim of ineffective assistance of trial counsel fell below an objective standard of reasonableness and prejudiced his appeal. Defendant has met neither requirement.

First, defendant has failed to overcome the presumption that his appellate counsel's decision constituted sound strategy. *People v Riley (After Remand)*, 468 Mich 135, 140; 659 NW2d 611 (2003). Appellate counsel may legitimately winnow out weaker arguments in order to

focus on those arguments that are more likely to prevail. *People v Reed*, 449 Mich 375, 391; 535 NW2d 496 (1995). Given the overwhelming evidence of guilt, defendant's appellate counsel could properly conclude that defendant's trial counsel's decision not to call witnesses to rebut the police officers' testimony likely did not affect the outcome of defendant's trial. Because of this, defendant's appellate counsel could reasonably conclude that this issue did not warrant appellate consideration. Likewise, given the trial court's statements at sentencing, defendant's appellate counsel could reasonably have concluded that defendant would be better served by focusing on whether the trial court articulated a substantial and compelling reason to depart from the guidelines. For these reasons, we cannot conclude that defendant's appellate counsel's decision in this regard fell below an objective standard of reasonableness.

Second, as we have already noted, even if we were to conclude that defendant's trial counsel's performance fell below an objective standard of reasonableness, that performance did not affect the outcome of either defendant's trial or sentencing. Because the allegedly substandard performance did not affect either outcome, even if defendant's appellate counsel had brought a claim of ineffective assistance of trial counsel, that claim would not have prevailed. For that reason, we conclude that defendant's appellate counsel's failure to bring this claim of error did not affect the outcome on appeal. Consequently, defendant is not entitled to relief. *Toma, supra* at 302.

There were no errors warranting relief.

Affirmed.