STATE OF MICHIGAN

 COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN, UNPUBLISHED
 November 25, 2014
 Plaintiff-Appellee,

v No. 317090
 Wayne Circuit Court
QUINCY ALEXANDER CURRY, LC No. 12-011803-FC

 Defendant-Appellant.

Before: O’CONNELL, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

 Defendant appeals as of right his jury convictions for carjacking, MCL 750.529a;
conspiracy to commit carjacking, MCL 750.529a; receiving and concealing stolen property,
MCL 750.535(7); and possession of a firearm during commission of a felony, MCL 750.227b.
We remand for the ministerial task of correcting the judgment of sentence.

 On appeal, defendant only argues that his judgment of sentence incorrectly indicates that
he was sentenced as a fourth-offense habitual offender. Because this issue was not raised in the
trial court, our review is for plain error affecting defendant’s substantial rights. See People v
Carines, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

 Where a judgment of sentence contains a mistake, remand to allow the trial court to
amend the judgment is appropriate. People v Katt, 248 Mich App 282, 311-312; 639 NW2d 815
(2001). In People v Jamison, 488 Mich 851; 788 NW2d 6 (2010), for example, the judgment of
sentence incorrectly indicated the defendant was subject to sentence enhancement as an habitual
offender. Our Supreme Court remanded the matter for correction, and ordered the trial court to
ensure the corrected judgment of sentence was transmitted to the Department of Corrections
(DOC). Id.

 In this case, the record does not demonstrate that defendant was sentenced as an habitual
offender. Therefore, the statement in the judgment of sentence that defendant was a fourth-
offense habitual offender is plain error and remand is necessary for correction. See e.g., People v
Uphaus, 278 Mich App 174, 182; 748 NW2d 899 (2008) (stating that the DOC makes critical
decisions regarding a defendant’s status based on the information in the presentence
investigation report).

 -1-
 Remanded for the ministerial task of correcting the judgment of sentence and transmitting
the corrected judgment to the DOC. We do not retain jurisdiction.

 /s/ Peter D. O’Connell
 /s/ Mark J. Cavanagh
 /s/ Karen M. Fort Hood

 -2-