*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUWAN KNUMAR DEERING,

Defendant-Appellant.

UNPUBLISHED
February 20, 2020

No. 344734
Oakland Circuit Court
LC No. 2006-207873-FC

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and TUKEL, JJ.

PER CURIAM.

In August 2006, a jury convicted defendant of five counts of first-degree felony murder, MCL 750.316(1)(b), and one count of burning a dwelling house, MCL 750.72. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to mandatory life imprisonment for each murder conviction, and 25 to 50 years' imprisonment for the arson conviction. In a prior appeal, this Court affirmed defendant's convictions and sentences. *People v Deering*, unpublished per curiam opinion of the Court of Appeals, issued December 11, 2008 (Docket No. 274208), lv den 485 Mich 971 (2009). In 2017, defendant filed a motion for relief from judgment. Defendant appeals by delayed leave granted[1] the trial court's order denying his motion. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In 2006, defendant was convicted of setting fire to a house in Royal Oak Township, and causing the deaths of five children who were inside on April 6, 2000. The prosecution presented evidence that Marie Dean lived in the house with her husband, Oliver Dean, who was also known as "Big Mike" and had been addicted to crack cocaine. Three jailhouse informants testified that defendant admitted burning a house because a man named "Big Mike" owed him money for drugs, that defendant acknowledged that five children would still be alive if defendant could live his life over again, and that defendant admitted spraying a house with lighter fluid and setting a fire that

---

[1] *People v Deering*, unpublished order of the Court of Appeals, entered December 7, 2018 (Docket No. 344734).

resulted in the deaths of several children. The prosecutor's arson expert, James Lehtola, testified that the origin of the fire was at the entry to the front porch, and that the fire was caused by "the open flame ignition of vapors from an ignitable liquid that was distributed within that area." Lehtola opined that the fire resulted from arson, and that analysis of debris samples and the burn patterns showed that the arsonist used a midrange petroleum product, such as charcoal lighter fluid, to set the fire. Defendant did not present an arson expert at trial, but elicited testimony from Lehtola regarding the difficulty of determining the cause and origin of a fire solely on the basis of photographs taken six years earlier, and that Lehtola did not test the charred debris on the porch for the presence of gasoline, which could have leaked from a lawnmower or weed whip that had been stored on the porch. The defense asserted that defendant did not set the fire, that the prosecution failed to meet its burden of proof, and that the witnesses against defendant were not credible. Nonetheless, defendant was convicted as charged.

In 2017,[2] defendant filed a motion for relief from judgment. The motion principally challenged Lehtola's opinions that the fire started on the front porch and was intentionally set with lighter fluid. Defendant argued that trial counsel was ineffective for failing to call a defense expert, failing to seek to exclude Lehtola's testimony under MRE 702, and failing to impeach Lehtola's testimony with evidence of the National Fire Protection Association 921 (NFPA 921) guidelines, which, according to defendant, established "the widely accepted standard of care for the fire investigation profession." Defendant also argued that his former appellate attorney was ineffective for failing to properly litigate these claims in his prior appeal. In support of his motion, defendant submitted the affidavit of David Smith, an expert in fire science and investigation, who was critical of Lehtola's methodology and use of the "negative corpus"[3] technique in his analysis of the fire. Smith ultimately concluded that "[t]here was simply not enough data available to [Lehtola] for him to conclude that this fire was incendiary (i.e. arson)." Defendant also submitted the report of another fire investigation expert, Robert Trenkle, who similarly concluded that "[t]here is insufficient evidence to support this fire being classified as incendiary (arson) under NFPA 921 guidelines." The trial court issued an opinion and order denying defendant's motion for relief from judgment. From this decision, defendant appeals.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

---

[2] As noted, between the time of the conviction of the motion for relief from judgment, we affirmed defendant's convictions and sentences. *People v Deering*, unpublished per curiam opinion of the Court of Appeals, issued December 11, 2008 (Docket No. 274208). Additionally, defendant's petition for writ of habeas corpus and certificate of appealability was also denied. *Deering v Perry*, opinion of the United States District Court for the Eastern District of Michigan, issued April 12, 2013 (Case No. 2:11-cv-10320).

[3] Smith quoted the 2014 edition of NFPA 921, which described "negative corpus" as "[t]he process of determining the ignition source for a fire, by eliminating all ignition sources found, known, or believed to have been present in the area of origin, and then claiming such methodology is proof of an ignition source for which there is no supporting evidence of its existence," and that "[t]his process is not consistent with the scientific method, is <u>inappropriate</u>, and <u>should not be used</u>. . . ."

Defendant first argues that the trial court abused its discretion by denying his motion for relief from judgment on the basis that trial counsel was ineffective for failing to consult or present an arson expert and failing to effectively cross-examine Lehtola regarding his compliance with the NFPA 921 guidelines for fire investigators. We disagree. We "review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law." *Id*. at 628-629 (citations omitted).

> A defendant in a criminal case may move for relief from a judgment of conviction and sentence. MCR 6.502(A). Such motions are governed by MCR 6.500 *et seq*. These rules outline the procedure for how a trial court is to consider a motion for relief from judgment, identify the requirements that a defendant must establish to be entitled to relief, and limit the number of motions that a defendant may file. [*Swain*, 288 Mich App at 629.]

"A defendant has the burden to establish entitlement to relief. MCR 6.508(D)." *Id*. at 630. In a number of circumstances, the court is precluded from granting relief. See MCR 6.508(D)(1), (2), and (3). Relevant to this claim, a defendant is precluded from obtaining relief if the motion

> alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision[.] [MCR 6.508(D)(2).]

We agree with the trial court that these ineffective-assistance claims were raised by defendant in his prior appeal, and were previously considered and rejected by this Court. *Deering*, unpub op at 1-2. In his prior appeal, defendant specifically argued that trial counsel was ineffective for failing to consult or call an arson expert regarding the determination of the cause and origin of the fire, and for failing to adequately cross-examine the prosecution's expert, Lehtola, on the scientific bases for his arson determination. Defendant also referenced provisions of NFPA 921 that supported his claims. In his motion for relief from judgment, defendant reasserted the same argument that trial counsel was ineffective for failing to consult and call an arson expert, and failing to use the NFPA 921 guidelines to challenge the scientific bases of Lehtola's testimony. Indeed, defendant's offer of proof in support of this claim again relies on NFPA 921, but with more factual specificity. Because defendant unsuccessfully raised these arguments in his prior direct appeal, and no retroactive change in the law undermines this Court's decision, he is not entitled to relief. MCR 6.508(D)(2).

Within this issue, defendant also argues that he is entitled to relief because his prior appellate attorney was ineffective for failing to properly litigate his ineffective-assistance claims by failing to provide an adequate offer of proof, specifically, "the sort of expert affidavits/reports that [defendant] offers now[.]" The test for ineffective assistance of appellate counsel is the same as that applicable to a claim of ineffective assistance of trial counsel. *People v Uphaus (On Remand)*, 278 Mich App 174, 186; 748 NW2d 899 (2008). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused

him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id.* "A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). Therefore, defendant must show that his appellate counsel's performance fell below an objective standard of reasonableness and prejudiced his appeal. *Uphaus*, 278 Mich App at 186.

To show that defendant is entitled to postconviction relief, he must show good cause for failure to raise a claim on direct appeal, and actual prejudice, MCR 6.508(D)(3)(a) and (b). This requires that "in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal" or "the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case." MCR 6.508(D)(3)(b)(*i*) and (*iii*).

Defendant essentially argues that prior appellate counsel was ineffective, which shows good cause for failure to sufficiently present his ineffective-assistance claim on appeal, and prejudice because, if appellate counsel had presented the claim differently, the outcome would have changed. MCR 6.508(D)(3). As indicated earlier, however, this Court previously considered and rejected the same claims of ineffective assistance of trial counsel that defendant is reasserting here. With regard to how appellate counsel presented the claims in the brief on appeal, counsel cited to NFPA 921, challenged the limited examination by trial counsel on its application, and addressed caselaw regarding necessary experts in arson cases. Thus, appellate counsel did support the ineffective-assistance claim with reference to NFPA 921 and arguments analyzing Lehtola's testimony. Defendant now also provides an affidavit and a report from experts who discuss and rely on provisions of NFPA 921. However, as the trial court observed when rejecting the ineffective-assistance claims pertaining to the direct appeal, this Court "did not reject Defendant's argument on the basis that Defendant did not submit an offer of proof" in support of his argument. Moreover, this Court affirmatively determined that trial counsel engaged in sound strategy by eliciting from Lehtola admissions that supported the defense theories that the fire was accidentally caused, and that defendant was not the person who set the fire. Therefore, defendant has failed to show that there is a reasonable probability that the outcome of his appeal would have been different with this new offer of proof. Accordingly, the trial court did not abuse its discretion by denying defendant's motion for relief from judgment on the basis that appellate counsel was ineffective for failing to adequately litigate this ineffective-assistance claim in defendant's prior appeal.

### III. INEFFECTIVE ASSISTANCE – *DAUBERT* CHALLENGE

Defendant also argues that the trial court abused its discretion by denying his motion for relief from judgment on the basis that trial counsel was ineffective for failing to seek to exclude Lehtola's testimony because he did not follow NFPA 921 guidelines, which rendered his testimony unreliable under MRE 702 and *Daubert v Merrell Dow Pharm, Inc*, 509 US 579, 591; 113 S Ct 2786; 125 L Ed 2d 469 (1993). Again, we disagree.

We agree with the trial court that MCR 6.508(D)(3) applies because defendant could have, but did not, raise the issue of trial counsel's failure to seek exclusion of Lehtola's testimony as unreliable because he did not follow NFPA 921 guidelines, and that defendant would not have had

a reasonably likely chance of prevailing on a motion to exclude the testimony. "[T]he determination regarding the qualification of an expert and the admissibility of expert testimony is within the trial court's discretion." *People v Murray*, 234 Mich App 46, 52; 593 NW2d 690 (1999). MRE 702 governs the admissibility of expert testimony and provides:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

MRE 702 requires "a court evaluating proposed expert testimony [to] ensure that the testimony (1) will assist the trier of fact to understand a fact in issue, (2) is provided by an expert qualified in the relevant field of knowledge, and (3) is based on reliable data, principles, and methodologies that are applied reliably to the facts of the case." *People v Kowalski*, 492 Mich 106, 120; 821 NW2d 14 (2012). This inquiry, however, is a flexible one and must be tied to the facts of the particular case; thus, the factors for determining reliability may be different depending upon the type of expert testimony offered, as well as the facts of the case. *Daubert*, 509 US at 591; *Kumho Tire Co v Carmichael*, 526 US 137, 150; 119 S Ct 1167; 143 L Ed 2d 238 (1999). The trial court has an obligation "to ensure that any expert testimony admitted at trial is reliable." *People v Dobek*, 274 Mich App 58, 94; 732 NW2d 546 (2007) (citation omitted).

Defendant has not persuasively argued that it was objectively unreasonable for counsel not to challenge the admissibility of Lehtola's expert testimony. Further, he has not sufficiently challenged Lehtola's qualifications to render an arson opinion. The trial court's determination that Lehtola's opinion was reliable, as required by MRE 702, is supported by the record. The trial court correctly observed that Lehtola's testimony indicated that he used the scientific method, as advocated by NFPA 921. In particular, Lehtola testified that he was aware of NFPA 921, a general guide for fire investigators, that he first presumed the fire to be an accident, that he investigated the cause and origin of the fire by examining the scene and collecting evidence, and that he eliminated other origins and causes. Defendant has not cited any case authority indicating that a methodology that does not precisely follow NFPA 921 is fundamentally unreliable. Furthermore, given the trial court's determination that there was no basis to exclude Lehtola's expert testimony, even after consideration of defendant's new offers of proof (Smith's affidavit and Trenkle's report) and given that Lehtola used the scientific method advocated by NFPA 921 to arrive at his conclusions, no reasonable likelihood exists that his testimony would have been excluded. Accordingly, the trial court did not abuse its discretion by denying defendant's motion for relief from judgment on this basis.

IV. NEWLY DISCOVERED EVIDENCE – THE NFPA 921 AND EXPERTS

Defendant argues that, in the alternative, he is entitled to a new trial because the NFPA 921 guidelines and the expert opinions of Smith and Trenkle are newly discovered evidence. We disagree. We review a trial court's decision on a motion for a new trial for an abuse of discretion. *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003).

To obtain a new trial on the basis of newly discovered evidence, a defendant must demonstrate that: (1) the evidence itself, not merely its materiality, is newly discovered; (2) the newly discovered evidence is not merely cumulative; (3) the defendant, exercising reasonable diligence, could not have discovered and produced the evidence at trial; and, (4) the new evidence makes a different result probable on retrial. *Id*. at 692.

As the trial court found, NFPA 921, as well as the affidavit of Smith and the report of Trenkle, both of which are based on NFPA 921, do not constitute newly discovered evidence. First, NFPA 921 was in existence at the time of defendant's trial and, therefore, was not newly discovered. Indeed, Lehtola referenced NFPA 921 at trial. Significantly, as the trial court observed, defendant's argument, relying on the affidavit and report of his own experts, noted that NFPA 921 was widely recognized as the standard of care for arson investigations by the year 2000. Thus, as the trial court determined, an expert opinion based on NFPA 921 could have been obtained at the time of trial with reasonable diligence. In making his arguments, defendant does not explain why, with reasonable diligence, the defense could not have discovered and produced this "new evidence" at trial. Because NFPA 921 was in existence before trial, and could have been discovered and produced with reasonable diligence, it cannot be considered newly discovered. In addition, for the reasons previously discussed, defendant has not demonstrated that this "new evidence" would make a different result probable on retrial. Consequently, defendant is not entitled to a new trial on this basis.

## V. NEWLY DISCOVERED EVIDENCE – NEGATIVE CORPUS

Defendant argues that the trial court abused its discretion by failing to grant him a new trial on the basis that Lehtola used the negative corpus technique to determine the origin of the fire,[4] and evidence that NFPA 921 has since repudiated this technique is newly discovered.[5] Again, we disagree.

We agree with the trial court's reasoning that, despite the parties' disagreement regarding whether Lehtola actually relied on the negative corpus process to form his conclusions, there is no reasonable probability of a different outcome considering the other evidence against defendant. Defendant does not address the strength of the other evidence against him, thereby essentially ignoring the fourth requirement of *Cress*, that the new evidence makes a different result probable on retrial, and the ground upon which the trial court relied to reject defendant's request for relief. *Cress*, 468 Mich at 692. As the trial court observed, the prosecution presented evidence that defendant confessed to the crime on three separate occasions, and that Marie and two neighbors all testified consistently with Lehtola's conclusion that the fire started on the porch, not inside the living room. In fact, in defendant's prior appeal, this Court observed that the following evidence supported defendant's convictions:

---

[4] The parties dispute whether Lehtola used this methodology.

[5] The parties do not dispute that the negative corpus approach has been rejected in the fire investigation community.

In July 2000, defendant, who was incarcerated in the Oakland County Jail on unrelated charges, admitted to his cellmate, Philip Turner, that he had burned a house because a person named "Big Mike" owed him money for drugs. This evidence is consistent with Marie Dean's testimony that her house had burned and that her husband, Oliver Dean, also known as "Big Mike," had been addicted to crack cocaine. Similarly, defendant admitted to Raymond Jeffries while they were incarcerated in August 2000, that he was a drug dealer and that if he could live his life over again, five children would still be alive.[] Moreover, defendant admitted to informant Ralph McMorris, while McMorris and defendant were incarcerated in 2003, that he had sprayed the front of a house with charcoal lighter fluid and had set the house on fire, which resulted in the deaths of several children. This evidence also corroborates Lehtola's testimony that the origin of the fire was at the entry to the front porch and the entry from the porch to the house, and that the fire was caused by "the open flame ignition of vapors from an ignitable liquid that was distributed within that area." [*Deering*, unpub op at 4 (citations omitted).]

Thus, considering defendant's admissions, the witness testimony that supports Lehtola's opinion, and the evidence of defendant's motive, defendant cannot show that the new evidence would make a different result probable on retrial. Accordingly, the trial court did not abuse its discretion by denying defendant's motion for relief from judgment in this regard.

## VI. ACTUAL INNOCENCE AND DUE PROCESS

In his last claim, defendant argues that the trial court erred by rejecting his arguments that he was entitled to relief on the basis of a due process violation and on the basis of actual innocence where there was no reliable scientific evidence demonstrating that the fire was an arson. We disagree.

Defendant's claim of actual innocence is based on his assessment of the validity of the scientific evidence used to convict him. As explained earlier, where a defendant alleges grounds for relief that could have been raised on direct appeal, the trial court may not grant relief to the defendant unless the defendant demonstrates both "good cause for failure to raise such grounds on appeal" and "actual prejudice." MCR 6.508(D)(3)(a) and (b). "The court may waive the 'good cause' requirement of [MCR 6.508](D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime." MCR 6.508(D)(3). Thus, regardless of a showing of actual innocence sufficient to support waiver of the "good cause" requirement, defendant must still establish actual prejudice to obtain relief under MCR 6.508(D). In this case, with respect to defendant's claim that Lehtola's testimony was unreliable and should have been excluded under MRE 702 and *Daubert*, the trial court found that defendant failed to establish good cause for failing to raise this issue on direct appeal. The court further found, however, that even if defendant could satisfy the "good cause" requirement, he had not met the "actual prejudice" requirement set forth in MCR 6.508(D)(3)(b).

In any event, we agree with the trial court that defendant did not show that he was actually innocent. The trial court reasoned that Lehtola testified that he was aware of NFPA 921, and that his testimony indicated that he generally followed the scientific method advocated by NFPA 921. Thus, contrary to what defendant asserts, he was not convicted merely on "junk science." In

addition, as discussed earlier, there was evidence that defendant confessed to three informants that he intentionally set the fire, and that his motive was that he was upset because of an unpaid drug debt. Moreover, there was evidence that defendant gave several stories to police about his whereabouts at the time of the arson, including two alibis that were later debunked. In sum, given this evidence, the trial court did not err by rejecting defendant's claims of a due-process violation and actual innocence. Thus, the trial court did not abuse its discretion by denying defendant's motion for relief from judgment on this basis.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel