*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GAIL ANN GUZIKOWSKI,

        Defendant-Appellant.

UNPUBLISHED
April 27, 2023

No. 359727
Manistee Circuit Court
LC No. 97-002707-FC

Before: CAMERON, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's August 5, 2021 order denying her motion for relief from judgment challenging the restitution order that was part of her sentence. For the reasons set forth in this opinion, we vacate the restitution order and remand this matter for the trial court to conduct an evidentiary hearing and determine the amount of restitution, if any, to be imposed under the proper legal standards.

## I. BACKGROUND

In 1997, following a jury trial, defendant was convicted of first-degree felony murder, MCL 750.316. Defendant had discovered that her boyfriend was carrying on a relationship with another woman. Defendant went to the other woman's home, walked inside uninvited, and found her boyfriend and the other woman together. Defendant then shot her boyfriend multiple times. As part of its sentence, the trial court ordered that defendant pay $69,838 in restitution to the victim's two children and ex-wife for costs consisting of child support, medical expenses, and college education expenses the victim apparently would have been responsible for paying pursuant to his judgment of divorce.

---

[1] *People v Guzikowski*, unpublished order of the Court of Appeals, entered May 20, 2022 (Docket No. 359727).

Defendant appealed to this Court. We reversed defendant's conviction and remanded for entry of a conviction of second-degree murder, MCL 750.317, and resentencing.[2] On remand, the trial court entered a conviction of second-degree murder, sentenced defendant to life imprisonment with the possibility of parole, and again ordered defendant to pay $69,838[3] in restitution to the victim's two children and ex-wife for the same child support, medical, and college education expenses. On appeal, this Court affirmed defendant's sentence.[4]

In 2020, defendant filed a motion for relief from judgment, challenging the trial court's restitution order. The trial court denied defendant's motion. This appeal followed.

## II. ANALYSIS

We review a trial court's decision on a motion for relief from judgment for an abuse of discretion, which occurs if the court commits an error of law or reaches a decision "outside the range of reasonable and principled outcomes." *People v Owens*, 338 Mich App 101, 113; 979 NW2d 345 (2021). We review the trial court's interpretation of court rules de novo. *Id*. Additionally, the "proper application of MCL 780.766(2) and other statutes authorizing the assessment of restitution at sentencing is a matter of statutory interpretation, which we review de novo." *People v Foster*, 319 Mich App 365, 374; 901 NW2d 127 (2017) (quotation marks and citation omitted).

Defendant filed a motion for relief from judgment pursuant to MCR 6.501 *et seq*. Under MCR 6.508(D), the "defendant has the burden of establishing entitlement to the relief requested." A court "may not grant relief to the defendant if the motion . . . alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence . . . unless the defendant demonstrates" both "good cause for failure to raise such grounds on appeal" and "actual prejudice from the alleged irregularities that support the claim for relief." MCR 6.508(D)(3). Restitution to crime victims is a mandatory part of a convicted criminal defendant's sentence, pursuant to MCL 780.766(2). See *Foster*, 319 Mich App at 386. When a

---

[2] *People v Guzikowski*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 1999 (Docket No. 206947), pp 3-4. In this opinion, we also stated that the prosecution could alternatively choose to retry defendant for first-degree felony murder. *Id*. The prosecution evidently declined that option, and the trial court resentenced defendant for second-degree murder.

[3] Defendant's total restitution award was based on several calculations taken from her presentence investigation report (PSIR). Defendant's 2000 order of restitution stated that her total restitution award of $69,838 was calculated by adding the following: $5,860 in child support to the victim's ex-wife, $23,740 in educational expenses to the victim's son, $3,715 in medical expenses for the decedent's son and payable to the victim's ex-wife, and $36,523 in educational expenses to the victim's daughter.

[4] *People v Guzikowski*, unpublished per curiam opinion of the Court of Appeals, issued September 13, 2002 (Docket No. 232043). Defendant did not raise the issue of restitution during this appeal.

sentence is challenged in a 6.500 motion, "actual prejudice" means that "the sentence is invalid." MCR 6.508(D)(3)(b)(iv).

A defendant can establish the requisite good cause by showing that appellate counsel was ineffective for failing to raise the claim on direct appeal. *People v Gardner*, 482 Mich 41, 50 n 11; 753 NW2d 78 (2008). To establish a claim for ineffective assistance of appellate counsel, a defendant must show that appellate counsel's performance fell below an objective standard of reasonableness and prejudiced her appeal. *People v Uphaus (On Remand)*, 278 Mich App 174, 186; 748 NW2d 899 (2008).

In 2000, when defendant was resentenced, MCL 780.766, a provision of the Crime Victim's Rights Act, MCL 780.751 *et seq.*, provided, in pertinent part:

(1) For purposes of this section only, "victim" means an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime. For purposes of subsections (2), (3), (6), (8), (9), and (13), victim includes a sole proprietorship, partnership, corporation, association, governmental entity, or any other legal entity that suffers direct physical or financial harm as a result of a crime.

(2) Except as provided in subsection (8), when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

* * *

(4) If a crime results in physical or psychological injury to a victim, the order of restitution may require that the defendant do 1 or more of the following, as applicable:

(a) Pay an amount equal to the cost of actual medical and related professional services and devices relating to physical and psychological care.

(b) Pay an amount equal to the cost of actual physical and occupational therapy and rehabilitation.

(c) Reimburse the victim or the victim's estate for after-tax income loss suffered by the victim as a result of the crime.

(d) Pay an amount equal to the cost of psychological and medical treatment for members of the victim's family that has been incurred as a result of the crime.

(e) Pay an amount equal to the costs of actual homemaking and child care expenses incurred as a result of the crime.

(5) If a crime resulting in bodily injury also results in the death of a victim, the order of restitution may require that the defendant pay an amount equal to the cost of actual funeral and related services.

\* \* \*

(7) If the victim is deceased, the court shall order that the restitution be made to the victim's estate. [MCL 780.766, as amended by 1998 PA 232.]

The purpose of restitution is to ensure that crime victims are made whole for their losses; restitution is not intended to provide a "windfall." *People v Corbin*, 312 Mich App 352, 370; 880 NW2d 2 (2015).

In *People v Paquette*, 214 Mich App 336, 338; 543 NW2d 342 (1995), the defendant was convicted of second-degree murder and was ordered to pay restitution for the loss of income suffered by the victim's father. This Court held on appeal that the trial court erred in ordering this restitution. *Id.* at 346-347. Looking at MCL 780.766, we stated that the Legislature had distinguished between the "victim" and the "victim's family" in the statute and that the statutory language clearly indicated that after-tax income losses could only be provided to the "victim" and not the "victim's family." *Id.* Then, after quoting the definition of "victim" from MCL 780.766(1), this Court stated, "For purposes of this act [the Crime Victim's Rights Act] [the decedent], not his father, was clearly the "victim" in this case." *Id.* at 346. Accordingly, the victim's father was not eligible to receive the restitution awarded. *Id.*

Here, defendant was ordered to pay restitution (1) to the victim's ex-wife for remaining child support and child medical expenses that the ex-wife would have received from the victim under the judgment of divorce and (2) to the two children for college education expenses. Pursuant to MCL 780.766(2), defendant was required to make "full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate." Given the definition of victim—"an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime," MCL 780.766(1)—the only "victim" of defendant's course of conduct was her boyfriend whom defendant shot to death. See *Paquette*, 214 Mich App at 338, 346-347. The word "direct" when used as an adjective is defined, in pertinent part, as "stemming immediately from a source." *Merriam-Webster's Collegiate Dictionary* (11th ed). The only person who suffered harm that stemmed immediately from defendant's course of conduct was the decedent.

The trial court, by ordering defendant to pay amounts that the victim's ex-wife and two children were supposed to receive from the victim under the judgment of divorce, did not seek to ensure that the victim was made whole. Rather, the trial court essentially provided something more akin to compensation in the form of damages to the victim's children and ex-wife. "[C]ourt-ordered restitution is not a substitute for civil damages." *Corbin*, 312 Mich App at 360. In addition, no subsection in MCL 780.766(4) that allows members of a victim's family to receive restitution allowed the restitution ordered by the trial court.

Accordingly, had previous appellate counsel pursued this issue on direct appeal, it would have been demonstrated that the restitution order was invalid because the trial court ordered

restitution it was not authorized to order. Previous appellate counsel thus performed below an objective standard of reasonableness by not pursuing an argument that would have granted defendant relief from the restitution order, and this deficient performance prejudiced defendant's appeal. *Uphaus (On Remand)*, 278 Mich App at 186. Although "[a]ppellate counsel may legitimately winnow out weaker arguments in order to focus on those arguments that are more likely to prevail," *Id.* at 186-187, we do not see any strategic reason for winnowing out an effective argument demonstrating that defendant was erroneously made responsible for over $69,000 in restitution without any valid legal basis. Thus, good cause and actual prejudice exist entitling defendant to relief. MCR 6.508(D)(3)(a) and (b)(iv); *Gardner*, 482 Mich 41, 50 n 11.

We vacate the restitution order and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello