*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHON LEMARCUS TYLER,

        Defendant-Appellant.

UNPUBLISHED
December 13, 2024
2:33 PM

No. 366809
Berrien Circuit Court
LC No. 2022-002406-FH

Before: GARRETT, P.J., and RICK and MARIANI, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of resisting and obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 180 days in jail. We affirm.

## I. FACTUAL BACKGROUND

While on road patrol in Benton Harbor, Berrien County Sherriff's Deputy Paul Grenon initiated a traffic stop of a car. The vehicle did not have a license plate. After Deputy Grenon activated his marked patrol car's overhead lights, the car slowed down and appeared to look for a place to turn into before it pulled into a driveway. Defendant stopped and got out of his car. Deputy Grenon directed defendant to stay in his vehicle three times. Defendant then told Deputy Grenon that his license was in the middle console of his car. Deputy Grenon told defendant to stand in front of the car while he retrieved the license. As Deputy Grenon leaned into the car, defendant ran off.

Deputy Grenon was a canine officer. He was working with his canine partner, Max. Initially, Deputy Grenon attempted to chase after defendant. The officer warned defendant that the dog would be released. Defendant kept running, so Deputy Grenon released Max. Max caught up with defendant and bit him in the left buttock after pursuing him for approximately 15 seconds. Deputy Grenon then handcuffed defendant before taking him to the hospital to treat his injuries.

A jury trial was held in November 2022, but a mistrial was declared when the jury announced that it was unable to reach a unanimous verdict. During the second trial, a general

unanimity instruction was given to the jury, and both parties approved the final jury instructions. The jury found defendant guilty of resisting and obstructing a police officer. He was later sentenced to 180 days in jail. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court violated his right to a unanimous jury verdict by failing to give a special unanimity instruction. He further contends that defense counsel's failure to request a special unanimity instruction violated his constitutional right to the effective assistance of counsel. We disagree.

If a party expresses satisfaction with the jury instructions as given, then the issue is waived, and there is no error to review. *People v Kowalski*, 489 Mich 488, 503-504; 803 NW2d 200 (2011). Because defense counsel affirmatively approved the instructions, defendant's substantive claims of instructional error are waived. See *id*. See also *People v McDonald*, 293 Mich App 292, 295; 811 NW2d 507 (2011). Therefore, we focus our review on defendant's claim of ineffective assistance of counsel.

"A claim of ineffective assistance of counsel is a mixed question of law and fact. A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008) (citation omitted). However, to preserve his claim of error, defendant was required to "move for a new trial or evidentiary hearing in the trial court or move for remand on appeal." *In re LT*, 342 Mich App 126, 133; 992 NW2d 903 (2022). Defendant did not do so, and consequently, our review is "limited to mistakes apparent on the record." *People v Jackson*, 292 Mich App 583, 600; 808 NW2d 541 (2011).

"To establish ineffective assistance of counsel, defendant must first show that (1) his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Uphaus (On Remand)*, 278 Mich App 174, 185; 748 NW2d 899 (2008); see also *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Abcumby-Blair*, 335 Mich App 210, 228; 966 NW2d 437 (2020) (quotation marks and citation omitted). "Effective assistance of counsel is presumed and defendant bears the burden of proving otherwise." *Petri*, 279 Mich App at 410. "We will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

The Sixth Amendment right to a jury trial and the Michigan Constitution entitle the accused to a unanimous jury verdict. US Const, Ams VI, XIV; Const 1963, art 1, §§ 14, 20; *Ramos v Louisiana*, 590 US 83; 140 S Ct 1390; 206 L Ed 2d 583 (2020). To protect that right, the trial court must instruct the jury properly on the unanimity requirement. MCR 6.410(B); *People v Cooks*, 446 Mich 503; 521 NW2d 275 (1994). Often, the trial court fulfills that duty by providing the jury with a general instruction on unanimity. *Id*. at 512. Here, the trial court gave the jury the following general instruction on unanimity:

A verdict in a criminal case must be unanimous. In order to return a verdict, it is necessary that each of you agree on that verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up your own mind. Any verdict must represent the individual considered judgment of each juror.

"A specific unanimity instruction is not required in *all* cases in which more than one act is presented as evidence of the *actus reus* of a single criminal offense." *Cooks*, 445 Mich at 512. The key question in determining whether a specific unanimity instruction is required "is whether either party has presented evidence that materially distinguishes any of the alleged multiple acts from the others. In other words, where materially identical evidence is presented with respect to each act, and there is no juror confusion, a general unanimity instruction will suffice." *Id*. at 512-513.

Defendant was charged and convicted of violating MCL 750.81d(1), which states, in relevant part:

> (1) Except as provided in subsections (2), (3), and (4), an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.

According to defendant, defense counsel should have requested an instruction that the jurors must unanimously agree about which set of facts formed the basis of their guilty verdict. Defendant observes that the prosecutor presented evidence of multiple disparate acts that could have formed the basis of the single count of resisting and obstructing a police officer. Defendant did not comply with the deputy's multiple commands. Defendant fled. When warned that the canine would be released, defendant remained noncompliant and continued running. As a result, argues defendant, the jury could have been confused about which conduct actually formed the basis of the resisting and obstructing charge.

Defendant's argument is unconvincing. By presenting testimony that defendant ignored a police officer and then ran, the prosecutor merely offered evidence of one continuing violation of MCL 750.81d(1), which was supported by materially identical evidence. There is no indication that the jury was confused or unable to determine which of these continuous acts formed the basis of the resisting and obstructing charge. Accordingly, no unanimity instruction was required, and defendant has failed to establish the factual predicate for his claim. See *People v Muhammad*, 326 Mich App 40, 63; 931 NW2d 20 (2018) (because the "defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." (quotation marks and citation omitted)).

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Michelle M. Rick
/s/ Philip P. Mariani

-3-