*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEMETRIUS JAMAL BROWN,

Defendant-Appellant.

UNPUBLISHED
February 12, 2026
9:49 AM

No. 370814
Wayne Circuit Court
LC No. 23-005829-01-FC

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of armed robbery, MCL 750.529; possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and carrying a concealed weapon, MCL 750.227. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 126 to 240 months' imprisonment for the armed robbery conviction, two years' imprisonment for the felony-firearm conviction, and 19 to 90 months' imprisonment for the carrying-a-concealed-weapon conviction. We affirm defendant's convictions and sentences but remand for the ministerial task of correcting defendant's presentence investigation report (PSIR).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The victim and his friends, RR and MS, were walking to the park when defendant, while riding a bicycle, collided with RR. An argument ensued, and defendant pulled out a gun and pointed it at RR, demanding his watch. RR fled and defendant pointed the gun at the victim, demanding that the victim give defendant everything. The victim gave defendant his glasses, and defendant grabbed the victim's iPhone before fleeing on his bicycle. Police officers responded to a 911 call made by the victim's mother and quickly apprehended defendant by tracking the location of the victim's iPhone. Police recovered the victim's iPhone and a handgun from defendant upon his arrest.

The parties and the trial court erroneously believed that defendant's minimum-sentence guideline range for his charged offenses were 81 to 168 months. The prosecution offered defendant a plea deal for larceny from a person, MCL 750.357; and one count of felony-firearm,

with a sentence of 66 to 120 months. Defendant expressed a willingness to accept the deal on the condition that the trial court release him on bond before he was sentenced. The trial court denied defendant's request, and warned defendant that, if he proceeded to trial, his sentence could be higher than the ranges discussed during plea negotiations. Defendant rejected the offer and proceeded to trial.

Relevant to this appeal, the prosecution sought to admit body camera footage from defendant's arrest at trial. Defense counsel objected on the ground it was cumulative. After an off-the-record bench conference, the trial court admitted the video, which was played for the jury. Defense counsel requested a second off-the-record bench conference after the video was played. After the jury was excused, defense counsel explained his objection, stating that one of the officers in the recording made a comment about defendant matching the description of a suspect in an unrelated offense. Defense counsel requested the video be redacted to omit the comment, but did not request a limiting instruction and declined to move for a mistrial. The jury convicted defendant as noted.

At sentencing, defendant objected to multiple sentencing variables and inaccuracies in his PSIR. The trial court, on its own accord, addressed multiple sentencing variables and concurred with defendant's proposed changes to the PSIR. Defendant's minimum-sentence guidelines were updated to 126 to 262 months. Defendant was sentenced as noted, and this appeal followed.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant claims that defense counsel was ineffective for (1) underestimating the minimum-sentence guidelines for the charged offenses, which defendant relied upon to reject the plea offers, (2) failing to exclude the body camera video implicating defendant in an unrelated offense, and (3) failing to request a mistrial when the body camera footage was admitted. We disagree.

### A.  STANDARDS OF REVIEW

Generally, whether a defendant had the effective assistance of counsel is a mixed question of fact and law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Findings of fact are reviewed for clear error, while questions of law are reviewed de novo. *Id*. But "[b]ecause no *Ginther* hearing was held, *People v Ginther*, 390 Mich 436, 442-443; 212 NW2d 922 (1973), [our] review is limited to errors apparent on the record." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

### B.  ANALYSIS

The United States and Michigan Constitutions both entitle a criminal defendant to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant claiming ineffective assistance of counsel "must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015) (quotation marks and citations omitted). The burden is on the defendant to establish the factual predicate for an ineffective-assistance claim. *People v Douglas*, 496 Mich

557, 592; 852 NW2d 587 (2014). To succeed on a claim of ineffective assistance of counsel, a defendant must demonstrate that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that that outcome would have been different." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023) (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citations omitted).

## 1. SENTENCING GUIDELINES

Criminal defendants have the right to effective assistance during plea negotiations to ensure that they have "the ability to make an intelligent and informed choice from among [their] alternative courses of action." *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020) (quotation marks and citation omitted). As such, trial counsel should "properly advise [the] defendant regarding the nature of the charges or the consequences" of his or her plea. *Id*. (quotation marks and citation omitted). But where the alleged prejudice resulting from trial counsel's ineffectiveness lead defendant to reject a plea offer and stand trial, defendant must demonstrate:

> [B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Lafler v Cooper*, 566 US 156, 164; 132 S Ct 1376; 182 L Ed 2d 398 (2012).]

Defendant claims on appeal that defense counsel was ineffective because he underestimated the minimum guideline range for the charged offenses and, but for this error, defendant would have accepted the prosecution's plea offer. But even if we were to agree with defendant that defense counsel's scoring mistake was objectively unreasonable, defendant cannot show that there was a reasonable probability he would have accepted the plea offer had he been advised of the correct guidelines range. Defendant fails to mention on appeal that, at the time the plea offer was made, defendant conditioned his acceptance of the plea offer on the trial court releasing him from custody before sentencing. The trial court denied defendant's request, stating that it did not intend to reduce defendant's bond, especially if the plea was taken. It also warned defendant that if he was convicted at trial, the trial court would not be bound to follow the minimum guideline range and the actual sentence imposed could be longer. Defendant immediately rejected the plea offer, stating he wanted a trial. Defendant's refusal based on the denial of his request for pretrial release strongly indicates that he would not have accepted the plea offer even if he had known the correct minimum-sentence guideline range. Accordingly, defendant's statements and conduct during plea negotiations belie his claim that he relied on defense counsel's miscalculation in rejecting the plea offer. Because defendant cannot establish

prejudice, it is unnecessary for us to determine whether counsel's performance was deficient. *Yeager*, 511 Mich at 488.[1]

## 2. BODY CAMERA VIDEO

The body camera video admitted at trial captured an unidentified officer comment that a person involved in an unrelated breaking and entering had a bike similar to defendant's. Defendant claims that he was denied the effective assistance of counsel because defense counsel failed to seek exclusion of the video. But defendant cannot show that but for counsel's performance, there was "a reasonable probability that that outcome would have been different." *Yeager*, 511 Mich at 488.

The evidence against defendant was overwhelming. At trial, the victim provided detailed testimony about the robbery, including a description of defendant and the gun defendant used. RR and MS corroborated the victim's version of events. The victim provided a description of defendant and was able to identify the gun defendant used. MS explained that she was able to track defendant's location using the victim's iPhone. MS gave defendant's location to police, and officers used that information to quickly find defendant. When arrested, defendant possessed a gun consistent with the description provided by the victim, and the victim's iPhone was found inches from defendant's bike. Thus, even if the stray comment by the officer was excluded, it is highly unlikely that the outcome of trial would have been different. *Id*. As such, we again need not consider whether counsel's performance was deficient, because defendant did not suffer from ineffective assistance. *Id*.

## 3. MISTRIAL

" 'A motion for a mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs the defendant's ability to get a fair trial.' " *People v Beesley*, 337 Mich App 50, 54; 972 NW2d 294 (2021), quoting *People v Dickinson*, 321 Mich App 1, 18; 909 NW2d 24 (2017). As discussed, admission of the body camera footage was not prejudicial because there was ample evidence to support defendant's conviction. Because defendant failed to show that the admission of the video footage was sufficiently prejudicial as to deny him a fair trial, *Yeager*, 511 Mich at 488, defendant cannot establish that he was denied the effective assistance of counsel.

## III. PSIR

Defendant finally claims that the trial court failed to make necessary corrections to the PSIR. We agree.

---

[1] Further undermining defendant's argument, we note that the minimum sentence actually imposed in this case was still well within the underestimated guidelines range the parties mistakenly used during the plea hearing.

## A. STANDARDS OF REVIEW

"This Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion." *People v Maben*, 313 Mich App 545, 552; 884 NW2d 314 (2015) (quotation marks and citation omitted). "A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

## B. ANALYSIS

"A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Johnson*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 362236); slip op at 6 (quotation marks and citation omitted.) "A sentence is invalid if it is based on inaccurate information." *Id*. (quotation marks, brackets, and citation omitted). "The PSIR is used by the trial court at sentencing, but it also follows the defendant to prison." *People v Lampe*, 327 Mich App 104, 120; 933 NW2d 314 (2019) (quotation marks, brackets, and citation omitted); see also MCL 771.14(6). "[C]ritical decisions are made by the Department of Corrections regarding a defendant's status based on the information contained in the [PSIR]." *People v Uphaus (On Remand)*, 278 Mich App 174, 182; 748 NW2d 899 (2008) (quotation marks and citation omitted). "Accordingly, the PSIR should accurately reflect any determination the sentencing judge has made concerning the accuracy or relevancy of the information contained in the report." *Id*. (quotation marks and citation omitted).

Defendant claims that the trial court did not amend the PSIR to reflect his sentencing guidelines. Defendant notes that, at sentencing, the trial court changed: (1) Prior Record Variable (PRV) 4 from 10 to zero; (2) PRV 5 from 10 to 20; (3) Offense Variable (OV) 17 from 10 to zero; (4) PRV 7 from 20 to 10; (5) OV 9 from 10 to zero; (6) the total PRV score from 52 to 50; (7) the total OV score from 60 to 40. He also argues the trial court failed to change his method of conviction from plea to verdict. Although it appears that the trial court made corrections to the PSIR, and made handwritten amendments to the PSIR, it is unclear whether the Michigan Department of Corrections (MDOC) amended defendant's PSIR as directed. Because the trial court concurred with the corrections advanced by defendant, we remand to the trial court to ensure that the MDOC makes the necessary corrections to defendant's PSIR. *Uphaus*, 278 Mich App at 182.[2]

---

[2] Defendant also argues that the trial court erred by assessing 20 points for PRV 5, prior misdemeanor convictions or juvenile adjudications, MCL 777.55. But defense counsel conceded there were enough misdemeanor convictions and juvenile adjudications in defendant's record to justify assessing PRV 5 at 20 points. Thus, this issue is waived. *People v LaFountain*, 495 Mich 968, 970; 844 NW2d 5 (2014), quoting *People v Jones*, 468 Mich 345, 352 n 6; 662 NW2d 376 (2003) ("Appellate review is precluded because when a party invites the error, he waives his right to seek appellate review, and any error is extinguished."). Defendant also filed a Standard 4 brief, raising various arguments relating to alleged ineffective assistance of counsel, incorrect scoring of

We affirm defendant's convictions and sentences but remand to the trial court for the correction of defendant's PSIR. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Adrienne N. Young

---

the PSIR, prosecutorial misconduct, and insufficient evidence to support his convictions. Because defendant provided no argument or citation to relevant authority, these arguments are abandoned. See *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004) ("The failure to brief the merits of an allegation of error constitutes an abandonment of the issue."); see also *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.").